**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GAVINO NAVA RAMIREZ,

Defendant-Appellant.

No. 99-4123

---

Appeal from the United States District Court
for the District of Utah
(D.C. No. 98-CR-417-K)

---

Robert L. Booker, of Booker & Associates, Salt Lake City, Utah, (Edward W. McBride, Jr., of Booker & Associates, with him on the brief) for Appellant.

Leisha Marie Lee-Dixon, Assistant United States Attorney, Salt Lake City, Utah, (Paul M. Warner, United States Attorney, with her on the brief), for Appellee.

---

Before **MURPHY**, **ALARCON**,* and **PORFILIO**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

*Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

## I.  INTRODUCTION

After the district court denied Gavino Nava-Ramirez's motion to suppress evidence discovered in the trunk of a vehicle he was driving but which he did not own, Nava-Ramirez entered a conditional guilty plea to one count of possession of methamphetamine with intent to distribute.  Nava-Ramirez now appeals the denial of his suppression motion.  Because he does not quarrel with the government's contention that he lacks standing to directly challenge the search of the trunk, this court must only decide whether the evidence should have been suppressed as the fruit of an unconstitutional detention of Nava-Ramirez himself. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

## II.  BACKGROUND

In the early morning hours of August 10, 1998, Nava-Ramirez was driving a vehicle owned by Steven Wald, traveling north-bound on Interstate-15 in southern Utah.  Wald was in the passenger seat.  After noticing a substantial crack in the windshield, Sergeant Paul Mangelson of the Utah Highway Patrol stopped the vehicle.  Upon Mangelson's request, Nava-Ramirez produced a valid driver's license and Wald provided a legitimate vehicle registration showing he owned the car.  Wald and Nava-Ramirez informed Mangelson that they were on their way home from a weekend in Las Vegas and that the crack had occurred on their trip.

While speaking with Wald and Nava-Ramirez, Mangelson detected an odor of burnt methamphetamine emanating from the vehicle's interior and noticed both Wald and Nava-Ramirez were nervous and Wald's eyes appeared bloodshot and glassy. Mangelson further observed the presence of Visine, a road atlas, a couple of pieces of luggage, and a couple of wine coolers in the passenger compartment. Mangelson thus asked Wald and Nava-Ramirez if they would mind his taking "a quick look" inside the car, to which one or both responded, "No." Before searching the car, Mangelson conducted a pat-down search of both Wald and Nava-Ramirez, finding two pipes in Wald's pockets. The subsequent search of the passenger compartment uncovered nothing of significance.

Mangelson proceeded to search the vehicle's trunk. He first found two torches used for smoking methamphetamine inside luggage in the trunk. Mangelson then noticed fresh marks on screws holding stereo speakers in place within the trunk, and after dismantling the speakers, he discovered two packages of methamphetamine. Wald and Nava-Ramirez were then given *Miranda* warnings and placed under arrest.

As a consequence, Nava-Ramirez was indicted on one count of possession of methamphetamine with intent to distribute. He and Wald moved to suppress all evidence found in the trunk of Wald's car. After conducting an evidentiary hearing on the suppression motions, the district court concluded, *inter alia*, the

-3-

stop of the vehicle was constitutionally permissible, Wald's consent to search did not extend to the trunk, the pat-down search of Wald was unconstitutional, and Mangelson had probable cause to search the trunk based on circumstances which existed prior to the illegal pat-down. The district court thus denied the suppression motions with respect to any evidence found in the trunk. Subsequently, Nava-Ramirez entered a guilty plea conditional on his right to appeal the district court's suppression ruling. The district court sentenced him to seventy months imprisonment followed by three years of supervised release and imposed a special assessment of $100 and a $400 fine.

## III. DISCUSSION

In Wald's appeal of the district court's denial of his suppression motion, this court determined the trunk search violated Wald's Fourth Amendment rights because it was unsupported by probable cause. *See United States v. Wald*, No. 99-4044, slip op. at 11 (10th Cir. April 10, 2000). The government contends, however, that because Nava-Ramirez was merely a non-owner driver and the actual owner of the vehicle was present, Nava-Ramirez lacks standing to challenge the constitutionality of the trunk search. *See United States v. Jefferson*, 925 F.2d 1242, 1249-51 (10th Cir. 1991) (discussing why a non-owner driver had an insufficient interest in a car to challenge a vehicle search when the owner was

present during the search). Nava-Ramirez does not take issue with the government's direct standing argument. Instead, he asserts the evidence found in the vehicle's trunk should have been suppressed as the fruit of his own unlawful detention.

This court accepts a district court's factual findings underlying its decision to deny a suppression motion unless they are clearly erroneous. *See United States v. Downs*, 151 F.3d 1301, 1302 (10th Cir. 1998). We review *de novo* the ultimate determination on the reasonableness of a search or seizure under the Fourth Amendment. *See United States v. Anderson*, 114 F.3d 1059, 1063 (10th Cir. 1997). Finally, "whether a defendant has standing to challenge a search is . . . a legal question subject to *de novo* review." *United States v. Eylicio-Montoya*, 70 F.3d 1158, 1161 (10th Cir. 1995).

This court has repeatedly recognized that although a defendant may lack the requisite possessory or ownership interest in a vehicle to directly challenge a search of that vehicle, the defendant may nonetheless contest the lawfulness of his own detention and seek to suppress evidence found in the vehicle as the fruit of the illegal detention. *See United States v. Shareef*, 100 F.3d 1491, 1500 (10th Cir. 1996); *Eylicio-Montoya*, 70 F.3d at 1162. To successfully suppress evidence as the fruit of an unlawful detention, a defendant must first establish that the detention did violate his Fourth Amendment rights. *See Shareef*, 100 F.3d at

1500.  The defendant then bears the burden of demonstrating "a factual nexus between the illegality and the challenged evidence." *United States v. Kandik*, 633 F.2d 1334, 1335 (9th Cir. 1980).  Only if the defendant has made these two showings must the government prove that the evidence sought to be suppressed is not "fruit of the poisonous tree," either by demonstrating the evidence would have been inevitably discovered, was discovered through independent means, or was so attenuated from the illegality as to dissipate the taint of the unlawful conduct. *See id.* (placing this burden of proof on the government); *United States v. Romero*, 692 F.2d 699, 704 (10th Cir. 1982) (recognizing the inevitable discovery, independent means, and attenuation doctrines).

Nava-Ramirez does not contest the legality of the initial stop.  Rather, he argues that at the moment Mangelson concluded his search of the passenger compartment without finding any evidence indicating Nava-Ramirez was involved in illegal activity, his continued detention became unlawful.  Even assuming this argument is correct, however, Nava-Ramirez has failed to satisfy his burden of proving a factual nexus between his detention and the evidence ultimately discovered in the trunk.  At a minimum, a defendant must adduce evidence at the suppression hearing showing the evidence sought to be suppressed would not have

come to light but for the government's unconstitutional conduct.[1] *See Shareef*, 100 F.3d at 1508. At the suppression hearing, Nava-Ramirez put on no evidence to demonstrate that had he, at some point after the passenger compartment search was completed but before the trunk search began, requested permission or otherwise attempted to depart the scene, he would have been able to leave in Wald's car. In the absence of some supportive proof, this court cannot simply speculate that Wald would have given Nava-Ramirez permission to take his car. Because Nava-Ramirez has failed to meet his burden of proving a factual nexus between his detention and the evidence found in the trunk, this court cannot suppress that evidence as the fruit of the purportedly unlawful detention.

## IV. CONCLUSION

Nava-Ramirez did not demonstrate the evidence he seeks to suppress constitutes the fruit of an unlawful detention. This court therefore **AFFIRMS** the District Court for the District of Utah's denial of the suppression motion. Appellee's motion to supplement the record on appeal is granted.

---

[1] Beyond the "but for" test, the ultimate "fruit of the poisonous tree" inquiry asks whether the challenged evidence "has been come at by exploitation of [the] illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (quotations and citations omitted).