**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

EUGENE ISIAH ROBERTS,

    Defendant - Appellant.

No. 03-6165
(D.C. No. 02-CR-70-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Eugene Isiah Roberts appeals from the district court's denial of his motion to suppress evidence which led to his conviction for possession with intent to distribute 18 ounces of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(A), (count 1); possession with intent to distribute one kilogram of cocaine powder, 21 U.S.C. § 841(a)(1), (b)(1)(B), (count 2); and maintaining a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

place for the manufacture of cocaine base, 21 U.S.C. § 856(a)(1), (count 3). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Background

On February 15, 2002, while on routine patrol, Officer Donald Holland of the Oklahoma City Police Department received information from another officer indicating that an individual driving a dark Nissan Maxima may be in possession of crack cocaine. Sometime later in his shift, Officer Holland noticed a dark Nissan Maxima with one occupant, parked in the parking lot of a strip mall. There were no other vehicles in the parking lot at the time nor were there any businesses operating in the strip mall. In hopes of investigating further, the officer parked his vehicle behind the Maxima, approached the driver's side window, and made contact with the occupant, Mr. Roberts. He asked Mr. Roberts what he was doing. Mr. Roberts responded that he was paying bills, which he showed to the officer. The officer then informed Mr. Roberts that the area was a high crime area known for drug trafficking, and asked if he had any drugs or guns in the car. Mr. Roberts replied that he did not and was then asked for his permission to search the vehicle. Though the parties disputed the issue, the district court found that Mr. Roberts consented to a search of his vehicle. 1 R. Doc. 83 at 3-4. Following a routine pat-down search, Mr. Roberts was placed in

the back seat of the officer's locked vehicle while the search was underway. The search revealed fifty-six grams of crack cocaine. Mr. Roberts was then placed under arrest. Later that day, on the basis of evidence seized from Defendant's vehicle, a search warrant was issued for Defendant's residence. Upon execution of the warrant police recovered large sums of cash, cocaine, and equipment used to manufacture cocaine base. 1 R. Doc. 96.

Mr. Roberts moved to have the evidence against him suppressed as derivative evidence claiming that he did not consent to the search of the car and that he was illegally seized in the course of the encounter. 1 R. Doc. 73 at 9-11. Denying the motion to suppress, the district court credited the testimony of the officer and held that a consensual encounter occurred. 1 R. Doc. 83 at 6. The court did not reach the government's alternative argument that if not consensual, the encounter was a valid investigative detention. 1 R. Doc. 79 at 7. The court further found that Mr. Roberts voluntarily consented to the search of his vehicle. 1 R. Doc. 83 at 7. After a jury trial, Mr. Roberts was sentenced to life imprisonment on count one, 324 months imprisonment on count two, and 240 months imprisonment on count three, with sentences to be served concurrently.

On appeal, Mr. Roberts does not challenge the district court's factual finding that he did in fact give voluntary consent to search the vehicle. Rather, he argues that his encounter with the officer ripened into an illegal arrest when he

was ordered to put his hands behind his back and was placed in the locked patrol vehicle. He contends that because such a seizure was not supported by any degree of articulable suspicion, any evidence subsequently retrieved from his vehicle and residence constitute derivative evidence ("fruit of the poisonous tree") and must be suppressed.

## Discussion

"When reviewing the denial of a motion to suppress we accept the factual findings of the district court unless they are clearly erroneous." United States v. Hunicutt, 135 F.3d 1345, 1348 (10th Cir. 1998). Whether consent is voluntary is a question of fact that is reviewed for clear error. United States v. Taverna, 348 F.3d 873, 877-79 (10th Cir. 2003). The question whether a seizure has occurred under the Fourth Amendment is reviewed in light of the totality of the circumstances. United States v. Ringold, 335 F.3d 1168, 1171-72 (10th Cir. 2003).

Mr. Roberts's challenge fails on two independent grounds. First, although the district court did not reach the issue of whether the encounter could be viewed as an investigative detention supported by reasonable suspicion, its factual findings without a doubt establish reasonable suspicion. The officer had been told to be on the lookout for a Nissan Maxima whose driver might have crack

cocaine. Mr. Roberts's vehicle matched the description. Although Mr. Roberts explained his presence in an empty parking lot (paying bills), an objectively reasonable officer could discount that explanation and conclude that criminal activity (drug transaction) was afoot. We note that an officer may take reasonable precautions to protect his safety during an investigative detention, without the encounter ripening into an arrest. See United States v. Shareef, 100 F.3d 1491, 1502 (10th Cir. 1996); United States v. Perdue, 8 F.3d 1455, 1463 (10th Cir. 1993). The officer testified that after Mr. Roberts consented to a search of his person and his car, he placed him in the patrol vehicle "strictly for my safety." 2 R. at 20.

> I didn't want to perform my search and be vulnerable to an attack
> while I'm doing my search with my back turned to anybody. That's
> just standard practice for the way that we do things.

Id. We thus reject the contention that Mr. Roberts was subjected to an illegal arrest when he was ordered to put his hands behind his back and was placed in the locked patrol vehicle. Moreover, valid consent can be given by a person being legally detained. United States v. Soto, 988 F.2d 1548, 1557. Thus, the derivative evidence claim fails.

Second, in order to prevail on a motion to suppress evidence as derivative evidence, a defendant must establish both illegal police activity and some nexus between the illegal police activity and the evidence obtained. United States v.

DeLuca, 269 F.3d 1128, 1132 (10th Cir. 2001); United States v. Nava-Ramirez, 210 F.3d 1128, 1131 (10th Cir. 2000). "In order to show such a factual nexus, at a minimum, [Defendant] must adduce evidence . . . showing the evidence sought to be suppressed would not have come to light but for the government's unconstitutional conduct." DeLuca, 269 F.3d at 1132 (internal quotation marks and citations omitted). Mr. Roberts has failed to demonstrate any such nexus between the allegedly illegal seizure and the challenged evidence. The district court found that Mr. Roberts gave his voluntary consent to search prior to the seizure in question. Even assuming an unlawful seizure, Mr. Roberts has not demonstrated how that seizure yielded the evidence in question.

In support of his position, Mr. Roberts relies on Wong Sun v. United States, 371 U.S. 471 (1963). That case and its progeny, see, e.g., United States v. Melendez-Garcia, 28 F.3d 1046, 1053-54 (10th Cir. 1994), are readily distinguishable insofar as in those cases the illegal police conduct *preceded* the means by which the evidence was obtained, thus establishing the requisite factual nexus between the evidence and the illegal conduct. By contrast, any unlawful police activity here occurred *after* voluntary consent had been obtained. Consequently, Mr. Roberts could not establish that, but for the alleged illegal seizure, the evidence would not have come to light as required by DeLuca.

Insofar as Mr. Roberts argues that an unlawful seizure vitiated his consent

to search, that position is not supported by our caselaw. In <u>United States v. Manjarrez</u>, 348 F.3d 881, 887 (10th Cir. 2003), a recent case with analogous facts, the defendant had given the police consent to search his vehicle. The officer then conducted a pat-down search of defendant's person to ensure he had no weapons. The defendant subsequently challenged the validity of the search claiming that the illegal pat-down search vitiated his previous consent to search the vehicle. Concluding otherwise, the court explained "[w]e are unable to discern how a subsequent pat-down, lawful or not, could bear upon the voluntariness of [d]efendant's prior consent." <u>Id.</u>

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge