**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BENJAMIN SALAS, JR.,

      Defendant - Appellant.

No. 06-3153
(D.C. No. 05-CR-20081-CM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **HOLLOWAY**, and **HOLMES**, Circuit Judges.

---

Defendant-Appellant Benjamin Salas, Jr. was charged in a two-count

indictment with possession with intent to distribute more than five grams of

actual methamphetamine (count 1), in violation of 21 U.S.C. § 841(a)(1),

and for using, carrying and possessing a firearm during and in relation to

drug trafficking (count 2), in violation of 18 U.S.C. § 924(c)(1). Mr. Salas

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the Appellant's request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed a motion to suppress evidence found during a traffic stop. After the United States District Court for the District of Kansas denied his motion, Mr. Salas entered a conditional guilty plea. Mr. Salas appeals the district court's denial of his motion to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Background

During afternoon rush hour, Kansas Highway Patrol Trooper Charles Lovewell stopped a vehicle on I-435 for following too closely and not maintaining a lane. Trooper Lovewell approached the passenger side window, identified himself to the driver, Mr. Salas, and requested a license and proof of insurance. April Urbano, one of three passengers in the car, claimed that she owned the vehicle. Trooper Lovewell noticed a strong odor of alcohol and marijuana coming from the car. Intending to search the vehicle, Trooper Lovewell asked the dispatcher to send another patrol unit.

While waiting for backup, Trooper Lovewell asked Mr. Salas to exit the vehicle and inquired about the group's travels. As the backup unit arrived, Trooper Lovewell informed Mr. Salas that because he smelled marijuana and alcohol, he was going to perform a vehicle search. Since the vehicle's occupants outnumbered the officers, Trooper Lovewell explained that he would handcuff but not arrest Mr. Salas. After Trooper Lovewell

2

handcuffed Mr. Salas, the backup officer seated him in a police cruiser.[1]

The officers then removed the passengers from the vehicle and informed them that the vehicle would be searched.

Trooper Lovewell found an open beer container in the back seat of the passenger compartment.[2] Trooper Lovewell then searched the trunk where he found several metal boxes, and a wooden box containing two guns. Ms. Urbano spoke to Trooper Lovewell as he searched the trunk. After finding the guns, Trooper Lovewell returned to his search of the back seat of the passenger compartment. There, he located a suspected methamphetamine pipe.

By chance, a Leawood, Kansas Police Department canine unit drove by and voluntarily joined the search. The dog searched the trunk alerting to the metal boxes. A further search of the boxes revealed ammunition, a digital scale, eleven bundles of money, and a drug pipe. As the search

---

[1] Trooper Lovewell subsequently handcuffed the other male passenger, Jerry Curasco, and placed him inside his vehicle.

[2] Trooper Lovewell also testified that he found a pair of brass knuckles in the back seat. Both before the district court and on appeal Mr. Salas argued that the evidence did not adequately support this testimony, nor even the more general contention that Trooper Lovewell found brass knuckles at all. Mr. Salas underscores for us that the district court did not expressly make a finding concerning the discovery of brass knuckles. However, given our rationale for resolving this case, which includes a determination that Mr. Salas lacks standing to challenge the vehicle search, whether Trooper Lovewell discovered brass knuckles is immaterial.

3

continued, the dog alerted to several areas in the front seat of the vehicle. Trooper Lovewell found several more drug pipes, plastic tubing and glass fittings, a small green vial containing a white powdery substance, a plastic bag containing suspected methamphetamine, and a "wrapping or sack" with a very strong odor of raw marijuana. *See* R. Vol. II, Doc. 69, at 26-32, 44 (Suppression Hearing, dated November 22, 2005).

The search took a little more than one hour during which Mr. Salas remained handcuffed. Upon discovering methamphetamine in the driver's side door compartment, Trooper Lovewell arrested Mr. Salas and his passengers. A subsequent inventory search of the vehicle revealed a cup in the console that contained a bag of methamphetamine, a bag of marijuana, a bag with pills in it, and a stubbed-out marijuana cigarette.

Following his indictment, Mr. Salas filed a motion to suppress evidence discovered in the vehicle. The district court denied Mr. Salas's motion to suppress concluding that: (1) Trooper Lovewell had sufficient grounds to initiate the traffic stop; (2) Mr. Salas lacked standing to challenge the constitutionality of the vehicle search, but even if he had standing, the officers would have inevitably discovered the evidence through lawful means; and (3) the officers did not illegally arrest Mr. Salas by handcuffing and detaining him as they conducted the search.

Reserving his right to appeal the district court's denial of his motion

to suppress, Mr. Salas pleaded guilty, respectively, to the drug trafficking and firearms offenses of counts 1 and 2, which were now embodied in a superseding indictment.[3] The district court sentenced Mr. Salas to consecutive terms of imprisonment as to counts 1 and 2, respectively, 108 and 60 months. Mr. Salas timely appealed.

## II. Discussion

On appeal, Mr. Salas contends that because the valid investigatory stop escalated into an illegal arrest, the district court erred in refusing to suppress the evidence discovered in the vehicle as the fruit of his illegal detention. Although lacking standing to challenge the vehicle search,[4] Mr.

---

[3]     Counts 1 and 2 of the superseding indictment charged, respectively, the same drug trafficking and firearms crimes found in the corresponding counts of the initial indictment. The superseding indictment added one additional count (count 3), however, charging Mr. Salas with a felon-in-possession offense, in violation of 18 U.S.C. § 922(g)(1).

[4]     Mr. Salas also challenges the district court's finding that he had no standing to object to the search of the vehicle. With need for little discussion, however, we conclude that the district court did not err. "Fourth Amendment rights are personal, and, therefore, a defendant cannot claim a violation of his Fourth Amendment rights based only on the introduction of evidence procured through an illegal search and seizure of a third person's property or premises." *United States v. DeLuca*, 269 F.3d 1128, 1131 (10th Cir. 2001) (quoting *United States v. Erwin*, 875 F.2d 268, 270 (10th Cir. 1989)) (internal quotation marks omitted). Absent a possessory or property interest in the vehicle searched, "passengers lack standing to challenge vehicle searches." *United States v. Eylicio-Montoya*, 70 F.3d 1158, 1162 (10th Cir. 1995). Further, when the owner of a vehicle is present, a non-owner driver of the vehicle, like Mr. Salas, has no standing to challenge the constitutionality of a search of the vehicle. *United States v. Jefferson*, 925
(continued...)

5

Salas nonetheless can challenge the lawfulness of his own detention, and move to suppress the evidence discovered as a result. *See United States v. Nava-Ramirez*, 210 F.3d 1128, 1131 (10th Cir. 2000); *United States v. Shareef*, 100 F.3d 1491, 1500 (10th Cir. 1996). In reviewing the district court's denial of a motion to suppress, we view the evidence in the light most favorable to the government and accept the district court's factual findings unless clearly erroneous. *United States v. Gama-Bastidas*, 142 F.3d 1233, 1237 (10th Cir. 1998). Because reasonableness under the Fourth Amendment is a question of law, we review the district court's determination of the reasonableness of a search and seizure de novo. *United States v. Higgins*, 282 F.3d 1261, 1269 (10th Cir. 2002). "Finally, whether a defendant has standing to challenge a search is . . . subject to de novo review." *Nava-Ramirez*, 210 F.3d at 1131 (quoting *Eylicio-Montoya*, 70 F.3d at 1161) (internal quotation marks omitted).

To suppress evidence as the fruit of an unlawful detention, a defendant must first establish that the detention violated his Fourth Amendment rights.

---

[4](...continued) F.2d 1242, 1250 (10th Cir. 1991). Mr. Salas concedes that *Jefferson* is determinative, but argues that it was wrongly decided. This argument is unavailing; we are bound to follow our precedent. Having determined that the district court's ruling on Mr. Salas's standing to challenge the vehicle search was correct, we need not address his argument that the district court erred in finding that, assuming he had standing to challenge the vehicle search, the evidence discovered during the search was admissible because law enforcement inevitably would have discovered it.

*Nava-Ramirez*, 210 F.3d at 1131. A defendant must then demonstrate that a factual nexus exists between the Fourth Amendment violation and the challenged evidence. *Id*. If a defendant adduces the requisite proof, the burden shifts to the government to show that the evidence is not "fruit of the poisonous tree." *Id*.

Assuming without deciding that Mr. Salas's detention escalated into an illegal arrest as he contends, Mr. Salas has, nevertheless, failed to satisfy his burden of establishing a factual link between his allegedly illegal arrest and the discovery of contraband in the vehicle. To satisfy the nexus requirement, Mr. Salas must show the evidence he seeks to suppress "would never have been found but for *his*, and only his, unlawful detention [i.e., Mr. Salas's arrest]." *DeLuca*, 269 F.3d at 1133. Absent a nexus between Mr. Salas's allegedly illegal arrest and the discovered contraband, Mr. Salas simply has no constitutional claim. *Id*.

Mr. Salas has failed to show that, but for his allegedly illegal arrest, the officers would not have discovered the contraband in the vehicle. Mr. Salas does not argue that prior to his allegedly illegal arrest he was empowered to remove the vehicle containing the contraband from the officers' reach – in other words, that he had permission to leave with Ms. Urbano's vehicle prior to the arrest. *Id*. ("Just as in *Nava-Ramirez*, Mr. DeLuca has failed to show that had he requested to leave the scene of the

7

traffic stop, he would have been able to do so in Mr. Boyer's car.")

Moreover, Mr. Salas does not claim, nor does the record show, that during the course of his allegedly illegal arrest Trooper Lovewell either discovered information from Mr. Salas during questioning or found evidence on Mr. Salas's person that caused him to search the vehicle and discover the contraband. Because the vehicle remained with its owner, "we must assume" that the officers would have searched it regardless of whether Mr. Salas was illegally arrested at the search site or permitted to depart. *Id.* Accordingly, Mr. Salas's allegedly illegal arrest shares no factual nexus with the discovered contraband. Without proof of a factual nexus, the district court did not err in denying Mr. Salas's motion to suppress.

### III. Conclusion

Mr. Salas has failed to demonstrate that the evidence he has sought to suppress is the product of his allegedly illegal arrest. Consequently, we **AFFIRM** the district court's order, denying Mr. Salas's motion to suppress.

Entered for the Court

Jerome A. Holmes
Circuit Judge

8