# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1165

_____

United States of America,

        Plaintiff - Appellee,

v.

Andrew Phillip Nichols,

        Defendant - Appellant.

Appeal from the United States
District Court for the Western
District of Arkansas.

_____

Submitted: June 8, 2009
Filed: July 29, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Defendant Andrew Phillip Nichols conditionally pleaded guilty to producing visual depictions of child pornography in violation of 18 U.S.C. § 2251 (a) and (e). Pursuant to his conditional plea agreement, Nichols appeals the district court's[1] denial of his motion to suppress evidence and his motion to dismiss the Indictment. We affirm the judgment of the district court.

_____

[1] The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the Report and Recommendation of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas.

## I.

Nichols lived with his girlfriend, M.L., and her seven-year-old daughter in a house that Nichols owned. On August 15, 2007, M.L. found an unlabeled computer disk in the house that contained several sexually explicit photographs of her daughter. M.L. immediately notified the local police department, and when officers arrived at the home, M.L. showed officers the disk's contents and handed the disk over to them for evidence. The officers then obtained a search warrant for Nichols's computer, and a subsequent search revealed computer files containing the same sexually explicit photographs as stored on the computer disk.

M.L. had lived in Nichols's home for three months prior to the discovery of the disk, but she was not named on the deed. She had a child with Nichols in July 2007. M.L. testified that she purchased groceries and paid utilities for the house, kept all her belongings in the house, received mail at the house, slept every night at the house, was not restricted from any area of the house, and was not restricted from accessing the computer.

It is undisputed that the camera, computer, and disk Nichols used to photograph, download, and store the illegal photographs were all manufactured outside the state of Arkansas. Based on the evidence, a grand jury indicted Nichols for producing visual depictions of a minor engaged in sexually explicit conduct[2] using materials that had been transported in interstate or foreign commerce. Nichols filed a pretrial motion to suppress physical evidence found on the disk and computer. After an evidentiary hearing, a magistrate judge issued a Report and Recommendation that the district court deny Nichols's motion to suppress evidence. The district court adopted the recommendation. The district court also denied Nichols's motion to dismiss the Indictment for lack of federal jurisdiction. Thereafter, Nichols

---

[2] "Sexually explicit conduct" is defined, in relevant part, in 18 U.S.C § 2256 (2)(A)(v) as "lascivious exhibition of the genitals or pubic area of any person." The district court denied defendant's "motion to determine if the photographs are lascivious," and Nichols does not appeal that judgment.

conditionally pleaded guilty, preserving his right to appeal the district court's denial of his motions to suppress evidence and dismiss the Indictment.

## II.

Pursuant to his plea agreement, Nichols challenges the district court's denial of his motion to suppress evidence and his motion to dismiss the Indictment. "We review the denial of a motion to suppress *de novo* but review underlying factual determinations for clear error, giving due weight to the inferences of the district court and law enforcement officials." United States v. Hinkle, 456 F.3d 836, 840 (8th Cir. 2006) (quotations omitted). We review *de novo* the denial of a motion to dismiss an indictment. See United States v. Mugan, 441 F.3d 622, 627 (8th Cir. 2006).

### A.    Motion to Suppress

Nichols argues the district court erred in denying his motion to suppress evidence seized during the search of his home. He claims the search was not authorized by a warrant and the consent of his cohabitant girlfriend was invalid because she did not have a property interest in the residence.

The Fourth Amendment protects "[t]he right of the people to be secure in their . . . houses, papers, and effects[ ] against unreasonable searches and seizures" and generally prohibits the warrantless entry and search of a person's dwelling or property. U.S. Const. amend. IV; see also Payton v. New York, 445 U.S. 573, 587 (1980). The Fourth Amendment permits, however, a valid warrantless search of a premises when officers obtain the voluntary consent of an occupant who shares authority over the area in common. See United States v. Matlock, 415 U.S. 164, 171 (1974) (stating that the consent of a third party who "possesse[s] common authority over" the premises or effects to be searched or who has a "sufficient relationship to the premises or effects" is sufficient to authorize a warrantless search). Common authority is a question of fact determined by the existence of "mutual use, joint access,

and control." United States v. Almeida-Perez, 549 F.3d 1162, 1170 (8th Cir. 2008) (quotation omitted).

Nichols's argument that M.L. had no authority to consent because she had no property interest in the residence is without merit and has been rejected by the Supreme Court. See, e.g., Matlock, 415 U.S. at 171 n.7 ("The authority which justifies the third party consent does not rest upon the law of property . . . but rests rather on mutual use of the property by persons generally having joint access or control for most purposes . . . ."). Here, though the third party, M.L., had no property interest, she was a co-occupant of Nichols's residence. She had unrestricted and joint access to the entire residence, including complete access to the computer and the computer disk that officers searched. She slept at the residence, kept her possessions there, paid for its upkeep, and freely occupied it as a possessor. Thus, the district court did not clearly err in finding that M.L. had common authority to consent in this case.

Additionally, we note that even had M.L. lacked common authority, her consent was still effective because police officers had reason to believe she had common authority. A search is justified without a warrant where officers reasonably rely on the consent of a third party who demonstrates apparent authority to authorize the search, even if the third party lacks common authority. See Illinois v. Rodriguez, 497 U.S. 177, 188 (1990). Apparent authority is present when "the facts available to the officer at the moment . . . warrant a man of reasonable caution in the belief that the consenting party had authority over the premises." Id. (quotation omitted); see Almeida- Perez, 549 F.3d at 1171 (finding authority where the person providing consent had traveled freely in and out of the home, invited officers in, and was reposing on the front porch). Here, M.L. telephoned officers and had them meet her at the house. She met the officers at the door, explained to them her relationship with Nichols, freely operated the computer to show officers the disk's contents, and appeared familiar with the home. These circumstances suggest that officers were justified in believing that M.L. was an occupant of the home capable of granting

consent. For these reasons, we affirm the district court's denial of Nichols's motion to suppress.

B. Motion to Dismiss the Indictment

Nichols also argues that the district court erred by denying his motion to dismiss the Indictment. He argues that dismissing the Indictment is appropriate because the photos did not affect interstate commerce, making 18 U.S.C. § 2251 unconstitutional as applied to his case.[3] Contrary to Nichols's claim, this court has upheld the constitutionality of § 2251 and has held on a number of occasions that the use of equipment that has moved in interstate commerce provides a sufficient jurisdictional nexus to include the production of child pornography under the Commerce Clause. See, e.g., United States v. Fadl, 498 F.3d 862, 866 (8th Cir. 2007) (camera); Mugan, 441 F.3d at 628–30 (memory card).

Here, Nichols photographed a child, downloaded those photographs, and stored them using a camera, a computer, and a storage disk that were all manufactured outside of Arkansas. Thus, federal jurisdiction is appropriate under the Commerce Clause and Eighth Circuit precedent. Accordingly, the district court did not err in denying Nichols's motion to dismiss the Indictment.

III.

For the foregoing reasons, we affirm the judgment of the district court.

_____

---

[3] Nichols also suggests the court erred in denying the motion because he did not intend to distribute the pictures in interstate commerce. This argument is without merit. He is not charged with intent to distribute but with production using materials involved in interstate commerce. See 18 U.S.C. § 2251(a) (criminalizing visual depictions that were "produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means").