# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1023

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Deonta Lemont Stigler, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 9, 2009
Filed: August 3, 2009

_____

Before COLLOTON, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Deonta Lemont Stigler entered a conditional plea of guilty to one count of being a felon in possession of a weapon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He appeals the district court's[1] denial of his motion to suppress. We affirm.

After dark on September 27, 2007, Des Moines Police Officers Michael Dixson and Ryan Doty responded to a call about an altercation between three African-

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

American males. They each arrived at the scene – in an area known to the officers as having problems with drug trafficking – in separate cars approximately one minute after the call. When they arrived, two African-American men were standing on a sidewalk near the intersection where the fight was reported to have occurred. One of the men, Stigler, looked at Officer Doty's car and ran across the street; he slowed to a walk when he reached the opposite sidewalk. The other man also walked away from the intersection.

Officer Dixson approached Stigler on foot to ask whether Stigler had been in a fight or witnessed a fight. Stigler appeared startled and threw a small plastic bag onto the ground. At that point, Dixson initiated a Terry stop and pat-down, ordering Stigler to put his hands on the hood of the squad car. During the pat-down, Dixson felt an object that he recognized by touch to be a gun. He then restrained Stigler against the hood of the car, and Stigler said that he had a gun. Dixson recovered a 9 mm pistol and an ammunition magazine. Dixson then retrieved the plastic bag from the ground, which was found to contain a small quantity of marijuana.

Stigler moved to suppress the weapon as the fruit of an unconstitutional search. He argued that the Terry stop and pat-down were not justified by reasonable suspicion. The district court said that reasonable suspicion did not exist at the point when Stigler ran across the street or continued to walk away. However, the court found that when Stigler appeared startled and threw the plastic bag, the totality of the circumstances gave rise to reasonable suspicion to conduct an investigative stop.[2] See Terry v. Ohio, 392 U.S. 1 (1968).

Stigler's only contention on appeal is that because the district court found that his initial actions of running across the street and continuing to walk away from the

_____

[2]It is undisputed that Stigler was not seized for Fourth Amendment purposes until after he threw the bag.

intersection did not create reasonable suspicion, his subsequent startlement and throwing a plastic bag were not sufficient to justify a Terry stop and pat-down. Law enforcement officials may make an investigatory stop if they have "a reasonable, articulable suspicion of criminal activity." United States v. Banks, 553 F.3d 1101, 1104 (8th Cir. 2009) (citing Terry, 392 U.S. at 21). Whether reasonable suspicion exists depends on "the totality of the circumstances, in light of the officer's experience." Id. (citations omitted); see also United States v. Arvizu, 534 U.S. 266, 273 (2002). Further, an officer may conduct a protective pat down if he has reasonable suspicion that the subject of the stop "might be armed and presently dangerous." Id. at 1105 (citations omitted). We review the district court's findings of fact for clear error and conclusions of law de novo. See id. at 1104.

Stigler contends that because plastic bags are legal, his possession of a plastic bag should no more create a reasonable suspicion than should a cell phone, since cell phones are also legal items associated with the drug trade. As the district court indicated, however, the officer did not solely rely on the presence of a plastic bag to justify the stop: "Had the baggie simply fallen out of [Stigler's] pocket or from his hand, the significance of it might be different." Rather, the act of throwing a baggie, commonly used to package narcotics, and Stigler's startled demeanor raised Officer Dixson's suspicion. In combination with Stigler's initial hurried movement away from the officers, and standing on a street corner with another person after dark in an area known for drug trafficking, these actions were sufficient to create a reasonable suspicion of criminal activity. Cf. United States v. Griffith, 533 F.3d 979, 984 (8th Cir. 2008) (reasonable suspicion for Terry stop created by close observation of officers, apparent agitation, conflicting responses to questions, and "reaching under the front seat as if attempting to hide something").

The protective pat-down that led to the discovery of the firearm was justified by Dixson's reasonable suspicion that Stigler might be armed and dangerous. The stop took place in the dark, in an area known for drug trafficking and other crimes.

-3-

Dixson was called to the scene in response to a fight, so he had reason to fear that weapons may be present. Further, Stigler's actions created a reasonable suspicion that he was involved in drug trafficking, which on its own justified the protective pat-down. See United States v. Bustos-Torres, 396 F.3d 935, 943 (8th Cir. 2005) ("[I]t is reasonable for an officer to believe a person may be armed and dangerous when the person is suspected of being involved in a drug transaction.").

We affirm the district court's denial of Stigler's motion to suppress.

_____