# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2264

_____

United States of America

*Plaintiff - Appellee*

v.

Jeremiah D. Cotter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 15, 2012
Filed: December 12, 2012

_____

Before SMITH, BEAM, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Jeremiah Cotter was convicted of one count of being a felon in possession of a firearm based on evidence police officers obtained following a pat-down search outside a home in Independence, Missouri. On appeal, Cotter argues the district

court[1] erred in denying his motion to suppress the evidence and statements obtained as a result of the search because the officers did not have a reasonable articulable suspicion that criminal activity was afoot or that Cotter was armed and dangerous. For the following reasons, we affirm the district court's denial of Cotter's motion to suppress.

On June 16, 2011, Officers Jeremie Stauch and Logan Waterworth of the Independence Police Department responded to a call to check on the well-being of two females at 1217 South Willow Avenue, an address where police had received previous complaints of illegal drug activity and stolen vehicles. When the officers arrived at the residence, they saw a man—later identified as Cotter—working on the stereo speakers of a Cadillac parked in the driveway. As the officers approached the house, Cotter told them he was working on the speakers for a friend named Matt. Officer Stauch then knocked on the door and spoke to one of the females who was the subject of the original police call. After confirming the woman's well-being, Officer Stauch asked about Cotter, and the woman told him that she did not know Cotter and did not know to whom the vehicle belonged. Meanwhile, Officer Waterworth radioed in the license plate number for the vehicle in the driveway and was informed that the plates were registered to a Chevrolet, not a Cadillac. After Officer Stauch finished talking to the woman at the house, Officer Waterworth told him about the license plate discrepancy, and the two officers decided to ask for Cotter's name and identification. Initially, Cotter told the officers that his name was "Michael Cotter," but he said he did not have any form of identification and hesitated when the officers asked him to provide his date of birth. According to the officers, Cotter also appeared nervous and shaky during the encounter and reached inside the vehicle.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, adopting the Report and Recommendations of the Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri.

At that point, Officer Stauch performed a protective frisk of Cotter and felt what he believed to be the butt of a handgun tucked into Cotter's front waistband. The officers removed the gun from Cotter's waistband, placed Cotter under arrest, and put him in handcuffs. Officer Stauch then led Cotter to his patrol car and again asked Cotter for his name. At that point, Cotter gave the officer his social security number and said that his first name was Jeremiah. Officer Stauch then ran Cotter's social security number, discovered Cotter had two outstanding arrest warrants, and transported Cotter to the police station. Subsequently, Officer Stauch learned that Cotter had a prior felony conviction.

A federal grand jury returned an indictment charging Cotter with one count of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Cotter moved to suppress the discovery of the gun, statements he made at the scene regarding the ownership of the gun, and statements he made at the police station after officers informed him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). On January 3, 2012, the district court denied Cotter's motion, with the exception of the statement made at the scene prior to any *Miranda* warnings. Two days after the denial of his motion, Cotter entered a conditional guilty plea, reserving his right to appeal the denial of his suppression motion.

In reviewing a motion to suppress, we review questions of law *de novo* but review the "underlying factual determinations for clear error, giving due weight to inferences drawn by law enforcement officials." *United States v. Mabery*, 686 F.3d 591, 595 (8th Cir. 2012). "We will affirm the district court 'unless the denial of the motion "is unsupported by substantial evidence, based on an erroneous interpretation of the law, or, based on the entire record, it is clear that a mistake was made.""" *United States v. Zamora-Lopez*, 685 F.3d 787, 789 (8th Cir. 2012) (quoting *United States v. Payne*, 534 F.3d 948, 951 (8th Cir. 2008)).

"[A]n officer may, consistent with the Fourth Amendment conduct a brief investigatory stop when the officer has reasonable articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). In addition, if the officer reasonably believes the person with whom he is dealing is armed and dangerous, he is permitted to conduct a protective search of the person's outer clothing, and any weapons seized as the result of such a search "may properly be introduced in evidence against the person from whom they were taken." *Terry v. Ohio*, 392 U.S. 1, 30-31 (1968). However, such a search requires more than an officer's "inchoate and unparticularized suspicion or 'hunch.'" *Id.* at 27. Instead, the officer conducting the search "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21. "In determining whether reasonable suspicion exists, we consider the totality of the circumstances in light of the officers' experience and specialized training." *United States v. Preston*, 685 F.3d 685, 689 (8th Cir. 2012) (quoting *United States v. Davis*, 457 F.3d 817, 822 (8th Cir. 2006)). Further, "[t]he officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27. If, however, the officers conduct an illegal search or detention, physical evidence from the search as well as verbal evidence obtained from the detention must be excluded as the "fruits" of the officers' unlawful action. *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963).

Here, Cotter contends that Officers Stauch and Waterworth lacked reasonable articulable suspicion that criminal activity was afoot or that Cotter was armed and dangerous. Cotter argues that several of the actions described by the officers—for example, Cotter's nervous demeanor—also have innocent explanations. Considering the totality of the circumstances, however, the officers had reasonable articulable grounds to suspect that criminal activity was afoot. After the officers observed Cotter working on a car outside a home with a history of illegal drug activity and stolen

-4-

automobile complaints, one of the residents of the home told Officer Stauch that she did not know Cotter and did not know to whom the vehicle belonged. At the same time, a vehicle records search revealed that the plates on the vehicle were registered to a different automobile. As the officers approached Cotter, he was reaching inside the vehicle. Then, as they spoke to him, he appeared nervous and shaky throughout the encounter and hesitated when the officers asked him for his date of birth. Although there could be an innocent explanation for each individual action, when taken together with rational inferences from those facts, it was reasonable for the officers to suspect that the vehicle was stolen. *See United States v. Hanlon*, 401 F.3d 926, 929 (8th Cir. 2005) (explaining that "[defendant's statement about the truck's ownership] was inconsistent with the truck's registration status[, and w]hen combined with [defendant's] extreme nervousness, profuse shaking, and refusal to look [the officer] in the eye, this inconsistency was sufficient to create a reasonable suspicion that the truck might be stolen."). "Accordingly, because [the officer] already had a reasonable suspicion that [Cotter] might have stolen the [vehicle], [the officer] also was justified in suspecting that [Cotter] might possess weapons." *Id.* at 929-30. Thus, the officers conducted a proper *Terry* stop. Because the *Terry* stop was proper, the district court also did not err in refusing to suppress Cotter's subsequent *Mirandized* confession, as it was not the fruit of a poisonous tree.

For these reasons, we affirm.

_____