LOKEN, Circuit Judge,
concurring.
I agree that, if separating C.M. from his backpack for five minutes was a seizure, it was objectively reasonable and thus did not violate C.M.’s Fourth Amendment rights. I therefore join the opinion of the court. I write separately to explain why I also agree with the district court that there was no seizure of C.M.’s personal belongings within the meaning of the Fourth Amendment. Accord Doran v. Contoocook Valley Sch. Dist., 616 F.Supp.2d 184, 193-94 (D.N.H.2009).
A Fourth Amendment seizure of property occurs “when there is some meaningful interference with an individual’s possesso-ry interests in that property.” United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). “By requiring some meaningful interference with an individual’s possessory interests in property, the Supreme Court inevitably contemplated excluding inconsequential interference with an individual’s possesso-ry interests.” United States v. Va Lerie, 424 F.3d 694, 706 (8th Cir.2005) (en banc), (emphasis in original), cert. denied, 548 U.S. 903, 126 S.Ct. 2966, 165 L.Ed.2d 949 (2006). In my view, instructing C.M. to leave his backpack and wait in the hall while a drug dog briefly sniffed the classroom was, at most, an inconsequential interference.
In Va Lerie, we concluded that moving a bus passenger’s checked luggage before seeking consent to search was not a meaningful interference because it did not delay the passenger’s travel plans or freedom of movement, delay delivery of the luggage, or deprive the bus company of its custody of the luggage. Id. at 707-08. In United States v. Clutter, 674 F.3d 980, 984 (8th Cir.), cert. denied, — U.S. -, 133 S.Ct. 272, 184 L.Ed.2d 148 (2012), we concluded that temporary seizure of the defendant’s computers while officers applied for a search warrant did not meaningfully interfere with his possessory interests because he was in jail and his father consented to the seizure. Here, the interference with C.M.’s backpack was far less consequential. No defendant physically moved or even touched the backpack, nor did the Burlisons identify any other interference with C.M.’s possessory interests during the five minutes he was separated from the backpack while on school premises.
In considering the objective reasonableness that governs Fourth Amendment issues, it is essential to consider the public school context in which this issue arose. Fourth Amendment protections extend to searches and seizures of students and their belongings by public school officials. New Jersey v. T.L.O., 469 U.S. 325, 336-37, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). But because context matters, Fourth Amendment protections “are different in public schools than elsewhere; the ‘reasonableness’ inquiry cannot disregard the schools’ custodial and tutelary responsibility for children.” Vernonia Sch. Dist. 47J v. Acton, 515 U.S. 646, 656, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995). “To qualify as a seizure in the school context, the limitation on the student’s freedom of movement must significantly exceed that inherent in everyday, compulsory attendance.” Couture v. *1043 Bd. of Educ. of Albuquerque Pub. Sch., 535 F.3d 1243, 1251 (10th Cir.2008).
C.M. retained some possessory and privacy interests in his backpack when he brought it to school, like the purse at issue in T.L.O., but his freedom to take his personal belongings with him wherever he went on school grounds was necessarily limited by the school’s “legitimate need to maintain an environment in which learning can take place.” 469 U.S. at 340, 105 S.Ct. 733. For example, students may be required to leave personal belongings in lockers to reduce clutter in classrooms and hallways. And, for reasons such as safety or an improved learning environment, students may be told to leave their belongings in the classroom while they temporarily leave the building for a fire drill, or proceed to a science lab or athletic facility in another part of the building. Here, acting on established Board of Education and Sheriffs Department policies, defendants briefly separated a classroom of students from their personal belongings to permit a drug dog to safely sniff the classroom for the presence of illegal drugs. As the court thoroughly explains, the Supreme Court has repeatedly emphasized the importance of dealing with the drug problem in our Nation’s schools. In these circumstances, I would affirm because no seizure of C.M.’s backpack occurred. Of course, if the drug dog had alerted and the backpack then been searched, additional Fourth Amendment issues would be presented.