[Cite as *State v. McGaffey*, 2015-Ohio-392.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                     Court of Appeals No. WM-13-011

    Appellee                                 Trial Court No. 12CR000194

v.

Earle A. McGaffey, III                    **DECISION AND JUDGMENT**

    Appellant                                Decided:  January 30, 2015

* * * * *

Kirk E. Yosick, Williams County Prosecuting Attorney, and
Deborah C. Rohrs, Assistant Prosecuting Attorney, for appellee.

Alan J. Lehenbauer, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Earle A. McGaffey, III, appellant, appeals his conviction and sentence in the

Williams County Court of Common Pleas on two counts of illegal use of a minor in

nudity-oriented material or performance, violations of R.C. 2907.323(A)(3) and fifth

degree felonies, and one count of pandering sexually oriented matter involving a minor, a

violation of R.C. 2907.322(A)(5) and a fourth degree felony.  McGaffey pled no contest to the charges on September 27, 2013.  The trial court accepted the plea and found him guilty of the offenses in a judgment filed on October 7, 2013.  Sentencing proceeded at a hearing conducted on October 29, 2013.  The trial court filed a sentencing judgment on October 31, 2013, and amended it by a nunc pro tunc judgment entry filed on December 11, 2013.

{¶ 2} Appellant's desktop computer was seized at the residence of Alicia Buehrer and subsequently examined by a forensic examiner pursuant to a search warrant issued by the Bryan Municipal Court on May 18, 2012.  Appellant filed a motion to suppress evidence secured through the search on January 23, 2013.  The trial court denied the motion in a judgment filed on April 24, 2013.  Appellant asserts three assignments of error on appeal:

1. The trial court erred when it found there was sufficient probable cause to issue a search warrant.

2. The trial court erred when it did not suppress evidence gathered during an unreasonable general search in violation of the Fourth Amendment.

3. The trial court erred when if found that the "Good Faith" exception to the exclusionary rule applied in this case.

{¶ 3} On May 18, 2012, Deputy Ken Jacob of the Williams County Sheriff's Office submitted his affidavit to the Bryan Municipal Court in support of an application

2.

for a warrant to search appellant's computer, located at the residence of Alicia Buehrer in Montpelier, Ohio. The affidavit sets forth the fact that Buehrer contacted the Williams County Sheriff's Office on May 16, 2012, and reported that her ex-boyfriend, appellant, had moved out of her residence in February 2012, and appellant left some items behind, including his Dell desktop computer.

{¶ 4} Buehrer reported that she and appellant both used the computer and that she found images that she described to be "what she believed was child pornography" on the computer. She stated that the children in the pictures were less than 14 years old. Buehrer stated that she discovered the images, while off-loading data from the computer to her laptop before the planned return of the computer to appellant. The affidavit stated no detailed description of the images on the computer. No images from the computer were submitted with the Jacob affidavit.

{¶ 5} Under assignment of error No. 1, appellant argues that the affidavit of Deputy Jacob was insufficient to provide probable cause for the issuance of the search warrant to permit search of his computer. Appellant contends the search violated his rights under the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution. The language of Article I, Section 14 of the Ohio Constitution is "virtually identical" to the language of the Fourth Amendment to the United States Constitution and the Ohio Supreme Court has interpreted Article I, Section 14 as affording the same protection as the Fourth Amendment. *State v. Hoffman,* Slip

3.

Opinion No. 2014-Ohio-4795, ¶ 11; *State v. Robinette*, 80 Ohio St.3d 234, 238-239, 685 N.E.2d 762 (1997).

{¶ 6} "It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is 'per se unreasonable * * * subject only to a few specifically established and well-delineated exceptions.'" *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). The state argues that probable cause existed for issuance of the search warrant and alternatively that a warrantless search was permitted under an exception allowing for warrantless searches by consent.

{¶ 7} Appellate review of a trial court's ruling on a motion to suppress presents mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.152, 2003-Ohio-5372, 797 N.E. 29, ¶ 8. The Ohio Supreme Court has identified the standard of review:

> [A]n appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539. *Id.*

4.

**Probable Cause**

{¶ 8} The totality of the circumstances test established by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), applies to determine whether probable cause exists for issuance of a search warrant. *State v. George*, 45 Ohio St.3d 325, 328-330, 544 N.E.2d 640 (1989). The standard provides:

> In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v. Gates* [1983], 462 U.S. 213, 238-239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 followed.)

*George* at paragraph one of the syllabus.

{¶ 9} Where the state seeks the issuance of a warrant to search for child pornography, an independent judicial determination of probable cause for issuance of a search warrant can be secured in multiple ways. *See United States v. Pavuluk*, 700 F.3d 651, 661 (3d Cir.2012). Cases dealing with searches for child pornography or obscene materials have recognized that "a warrant 'issued on the strength of the conclusory assertions of a single police officer,'" without more, is unconstitutional. *Lee Art Theatre,*

*Inc. v. Virginia*, 392 U.S. 636, 637, 88 S.Ct. 2103, 20 L.Ed.2d 1313 (1968) (obscene film); *New York v. P.J. Video, Inc.,* 475 U.S. 868, 873-874, 106 S.Ct. 1610, 89 L.Ed.2d 871 (1986) (obscene movies); *see Pavuluk* at 661-662 (child pornography); *U.S. v. Brunette,* 256 F.3d 14, 18 (1st Cir.2001)(child pornography); *State v. Hollis*, 98 Ohio App.3d 549, 555, 649 N.E.2d 11 (11th Dist.1994)(obscene materials).

{¶ 10} The conclusory statement here was by a private person, not a police officer, but the reasoning of these decisions equally applies. We conclude that the statement by Alicia Buehrer that the computer contained images of children under age 14 that constituted child pornography, without more, was so conclusory as to prevent an independent judicial determination of probable cause to search the computer. We conclude that the trial court erred in ruling that there was probable cause for the search.

{¶ 11} We find assignment of error No. 1 well-taken.

{¶ 12} Under assignment of error No. 2, appellant contends that the trial court erred in failing to suppress evidence gained during the search. Appellant contends that the search warrant failed to describe with particularity the items to be seized or limit the scope of the search to specific crimes or specific material.

{¶ 13} The state argues that the search warrant was not too general, contending that it particularly described the place to be searched and things to be seized. The state also contends that a search warrant was unnecessary because Alicia Buehrer voluntarily consented to search of the computer.

6.

{¶ 14} Joint exhibit No. 1 on the motion to suppress includes copies of the affidavit for the search warrant, the search warrant itself, and return and inventory with respect to the search. The inventory discloses that one item was seized in the search—a Dell Desktop Optiplex 380 Computer, serial number G6D9PL1. It is not disputed that the Dell desktop computer is appellant's computer, was shared by appellant with Alicia Buehrer, and was seized at her residence.

{¶ 15} "[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Consent of a third-party may be sufficient:

> [W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected. *U.S. v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).

{¶ 16} "'Common authority' rests on 'mutual use of the property by persons generally having joint access or control for most purposes.' *Matlock* at 171, fn. 7." *State v. Huntington*, 190 Ohio App.3d 711, 2010-Ohio-3922, 944 N.E.2d 240, ¶ 19 (6th Dist.). In the decision of *State v. Rice*, 9th Dist. Summit No. 26116, 2012-Ohio-2174, the Ninth District Court of Appeals identified a series of factors used by courts considering

7.

warrantless searches of computers by consent of third parties. The factors include "whether the consenting third party in fact used the computer, whether it was located in a common area accessible to other occupants of the premises, and—often most importantly—whether the defendant's files were password protected." *Id.* at ¶ 13, quoting *United States v. Clutter,* 674 F.3d 980, 984 (8th Cir.2012).

{¶ 17} Alicia Buehrer and appellant had resided together. They both used appellant's Dell desktop computer. Appellant had moved from the residence. Buehrer was off loading her data from the computer to her laptop before appellant was to pick up the computer. At that time Buehrer discovered the objectionable images on the computer. Buehrer subsequently called the Williams County Sheriff's Office and reported that she had discovered images of children under the age of 14 constituting child pornography on the computer. The manner of discovery demonstrates that the images were not password protected or otherwise restricted from view in Buehrer's use of the computer.

{¶ 18} Under the totality of the circumstances, we conclude that Buehrer had common authority over the computer to consent to search of the computer and that Buehrer consented to the search. Once Buehrer consented to search, probable cause was not necessary to search the computer's contents. *See State v. Trotter*, 8th Dist. Cuyahoga No. 94648, 2011-Ohio-418, ¶ 18.

{¶ 19} Accordingly, we find assignment of error No. 2 not well-taken.

8.

{¶ 20} Under assignment of error No. 3, appellant argues that the trial court erred in finding that the good faith exception to the exclusionary rule applied and evidence from the search should not be suppressed because the officers acted in an objectively reasonable belief that there was probable cause for the search. We deem this issue moot by virtue of our determination that a warrantless search of the computer was authorized by the consent of Alicia Buehrer to search the computer.

{¶ 21} We find assignment of error No. 3 not well-taken.

{¶ 22} We find that justice has been afforded the party complaining and affirm the judgment of the Williams County Court of Common Pleas. We order appellant to pay the costs of this appeal, pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                        JUDGE

Arlene Singer, J.         

Thomas J. Osowik, J.       _____
CONCUR.                                                 JUDGE

_____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.