# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2385

_____

United States of America

*Plaintiff - Appellee*

v.

Fahad Abdihakim Diriye

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 20, 2015
Filed: March 16, 2016

_____

Before SMITH, BYE, and BENTON, Circuit Judges.

_____

BYE, Circuit Judge.

Fahad Abdihakim Diriye pled guilty in district court[1] to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). As a

_____

[1]The Honorable Joan N. Ericksen, United States District Court Judge for the District of Minnesota, adopting the Report and Recommendation of the Honorable Tony N. Leung, United States Magistrate Judge for the District of Minnesota.

condition of his guilty plea, Diriye reserved the right to argue on appeal that law enforcement violated his Fourth Amendment rights by performing a Terry stop without reasonable suspicion. We find law enforcement had reasonable suspicion to perform a Terry stop. We affirm.

I

On the evening of June 25, 2014, Minneapolis Police officers, including Officer Scott Aikins, responded to a report of a suspicious vehicle in the parking lot at Thomas Beach near Lake Calhoun. The suspicious vehicle matched the description and license plate of a vehicle connected to an armed home invasion and robbery that occurred in downtown Minneapolis three days prior. There were no suspects in custody at the time. The dispatch stated there were two people sleeping in the car.

Three marked squad cars arrived at the scene and parked approximately one to two car-lengths away from the car. Officers removed a male and female from the vehicle, handcuffed them, and placed them into a squad car. At least seven law enforcement officers, including Officer Aikins, were standing nearby awaiting the arrival of a sergeant for instructions to search the suspect vehicle. Approximately fifteen minutes passed after officers arrived on scene when Diriye approached the suspect vehicle, opened the driver's door, and began to sit in the driver's seat. At this point, the suspect vehicle had not been searched or secured. Officer Aikins and another officer immediately approached the vehicle, ordered Diriye out of the vehicle, and handcuffed him.

While Diriye and Officer Aikins were standing next to the vehicle, Diriye appeared to be continuously turning his body to keep his right side away from Officer Aikins. Officer Aikins became suspicious Diriye may have had a gun and patted him down. Officer Aikins immediately felt and removed a loaded handgun from Diriye's

-2-

right pants pocket. Diriye was then taken into custody. While in custody, Diriye made incriminating statements to law enforcement about possessing the firearm.

Diriye was later charged in the District of Minnesota in an indictment with one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Diriye filed a motion to suppress the firearm and a motion to suppress his post-arrest statements. Following an evidentiary hearing, the district court denied both motions to suppress.

Following the district court's denial of his suppression motions, Diriye entered into a conditional plea of guilty. Diriye reserved the right to appeal the district court's denial of his motions to suppress. On June 15, 2015, Diriye was sentenced to a term of imprisonment of 70 months. Ten days later, Diriye timely filed this appeal.

II

Diriye argues Officer Aikins lacked reasonable suspicion to conduct a Terry stop when Diriye, a non-suspect, opened the door and started to enter a vehicle remotely connected to an armed home invasion and robbery that had occurred three days prior. Diriye therefore claims his stop was unlawful and the district court erred by not suppressing the evidence obtained as a result of his unlawful stop. We disagree.

"We review the denial of a motion to suppress de novo but the underlying factual determinations for clear error, giving due weight to inferences drawn by law enforcement officials." United States v. Hurd, 785 F.3d 311, 314 (8th Cir. 2015) (quoting United States v. Clutter, 674 F.3d 980, 982 (8th Cir. 2012)). Under Terry v. Ohio, an officer may stop an individual if the officer has reasonable suspicion that "criminal activity may be afoot." 392 U.S. 1, 30 (1968); United States v. Harris, 747 F.3d 1013, 1016 (8th Cir. 2014). A Terry stop is justified when a police officer is

"able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry, 392 U.S. at 21; United States v. Davison, 808 F.3d 325, 329 (8th Cir. 2015). We must determine whether reasonable suspicion exists based on "the totality of the circumstances, in light of the officer's experience." United States v. Stigler, 574 F.3d 1008, 1010 (8th Cir. 2009).

We find Officer Aikins had reasonable suspicion to conduct a Terry stop on Diriye. Diriye bypassed an active crime scene to enter and sit in a suspect vehicle not yet secured or searched by law enforcement. Further, the suspect vehicle matched the description of a vehicle connected to an armed invasion and robbery three days prior. Based on the totality of the circumstances, Officer Aikins had reasonable suspicion to believe criminal activity was afoot by Diriye's blatant disregard for the active crime scene by sitting in the suspect vehicle connected to recent criminal activity. We therefore find the Terry stop was justified and the district court did not err in denying Diriye's motions to suppress the evidence obtained as a result of his lawful stop. See United States v. Cotter, 701 F.3d 544, 548 (8th Cir. 2012) ("Because the Terry stop was proper, the district court also did not err in refusing to suppress . . . [the] confession, as it was not the fruit of the poisonous tree.").

For the foregoing reasons, we affirm the district court.

_____