United States Court of Appeals

For the Eighth Circuit

_____

No. 17-3506

_____

United States of America

*Plaintiff - Appellee*

v.

Dominique Darden

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 19, 2018
Filed: May 8, 2018
[Unpublished]

_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After a jury found Dominique Darden guilty of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), the District Court[1] sentenced him to fifteen months

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

in prison to be followed by two years of supervised release. Darden appeals, and his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967). For the reasons that follow, we affirm.

We first conclude that the District Court properly denied Darden's motion to suppress physical evidence obtained after he was arrested. See United States v. Cotter, 701 F.3d 544, 547 (8th Cir. 2012) (standard of review). At the suppression hearing, the arresting officer testified that Darden had fled when the officer approached to speak to him and that during a foot chase, the officer saw Darden throw a gun into a dumpster. He and another officer caught up with Darden, detained him, retrieved the gun, and arrested Darden after determining he had a felony conviction. Darden was lawfully arrested and searched incident to arrest.

We also conclude that the evidence at trial, which included the arresting officer's testimony, testimony that the gun in question was manufactured outside Missouri, and a stipulation that Darden had one or more felony convictions, was sufficient to support the jury's verdict. See United States v. Spight, 817 F.3d 1099, 1102 (8th Cir. 2016) (standard of review); United States v. Cowling, 648 F.3d 690, 700 (8th Cir. 2011) (stating the elements of a § 922(g)(1) offense), cert. denied, 566 U.S. 940 (2012).

The record further demonstrates that the District Court, in sentencing Darden, committed no procedural error in calculating the United States Sentencing Guidelines range, made an individualized assessment based on the facts, and did not impose an unreasonable below-Guidelines-range sentence. See Gall v. United States, 552 U.S. 38, 51 (2007). As for Darden's dissatisfaction with his defense counsel, claims alleging ineffective assistance of counsel are generally best raised in a 28 U.S.C. § 2255 proceeding where the record can be fully developed. See Spight, 817 F.3d at 1103.

Finally, we have reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and have found no non-frivolous issues.  We affirm the judgment of the District Court and grant counsel's motion to withdraw.

_____