# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3152

_____

United States of America,       *
       *
    Appellant,       *
       *  Appeals from the United States
    v.       *  District Court for the
       *  District of Nebraska.
Richard D. Marasco; Angela D. Harms,  *
       *
    Appellees.       *

_____

No. 06-3238

_____

United States of America,       *
       *
    Appellee,       *
       *
    v.       *
       *
Angela D. Harms,       *
       *
    Appellant.       *

_____

Submitted: March 13, 2007
Filed: June 1, 2007

_____

Before RILEY, BOWMAN, and ARNOLD, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Angela Harms pleaded not guilty to three counts of manufacturing methamphetamine. Harms filed a motion to suppress (1) items found in a search of a motel room and (2) statements she made to police. The District Court denied the motion as to the items found in the room and granted the motion as to the statements. Both the government and Harms appeal.[1] We reverse the District Court's suppression of Harms's statements. We lack jurisdiction over Harms's cross-appeal concerning the items found in the motel room.

I.

On August 24, 2005, members of the Bellevue, Nebraska, Police Department were conducting surveillance of an area of suspected drug trafficking. During this surveillance, Sergeant Robert Wood noticed a vehicle, parked at a motel, bearing license plates from Cass County. Wood requested from Detective Zeb Simones a check of the plate number because several methamphetamine labs involving individuals from Cass County had been discovered at this motel. The check revealed that the vehicle was registered to Richard Marasco, who had an outstanding felony warrant for his arrest. Later that evening, another vehicle arrived at the motel and parked next to Marasco's vehicle. Harms and Marasco exited the vehicle and entered a motel room. At this point, Simones met with the motel manager to determine whether Marasco was staying at the motel. The manager told Simones that Marasco was not registered as a guest but that an individual matching Marasco's description was staying in a room rented by Harms.

---

[1]The government has filed a motion to dismiss Richard D. Marasco from this appeal. Inasmuch as the appeal pertains only to the government's case against Harms, and does not affect the government's case against Marasco, we grant the motion and dismiss Marasco from this appeal.

Soon thereafter, five officers converged on the room, and Simones knocked on the door. Marasco answered the door but then stepped back into the room. Three officers entered the room and arrested Marasco. Wood asked Marasco if there was anything dangerous on his person or in the room, and Marasco responded that acid was in the room. During this exchange, Wood observed glass methamphetamine pipes and a scale in the room.

While Wood questioned Marasco, Simones asked Harms to step outside the room, where Harms told Simones that she had rented the room, but Marasco had paid for it and may have changed the registry to his name. Harms stated that she and Marasco shared the room equally and could come and go as they pleased. Eventually Simones asked Harms for her consent to search the room. Harms responded that she did not want the officers looking through her "stuff" or "things." Hr'g Tr. at 68; Supplemental Hr'g Tr. at 93, 104.

Meanwhile, Wood conducted a search incident to the arrest of Marasco and discovered three bags of methamphetamine in his pockets. Wood then asked Marasco for consent to search the room, and Marasco consented.

Wood met with Simones outside the room to determine whether the officers had authority, based on consent, to search the room. Simones informed Wood of Harms's statement about "her stuff." Wood believed that a purse and craft items he had observed in the room belonged to Harms.

Wood and Simones returned to the room to discuss with Marasco the extent of his control over the room. Marasco informed Wood and Simones that he rented the room, had paid for the room, and carried a key to the room. The officers determined that Marasco's consent to search the room gave them valid authority to do so. While in the room, Wood told Simones that he had seen drug-related items in the room that Wood believed could be linked to Harms.

-3-

Simones went back outside and questioned Harms about her history of manufacturing methamphetamine. Simones told Harms that methamphetamine and items used to manufacture methamphetamine had been found in the room. Simones read Harms her <u>Miranda</u>[2] rights, and she then made incriminating statements to Simones.

While Simones was speaking with Harms this second time, the officers conducted a search of the room and found several items related to the manufacture of methamphetamine. The officers also searched Harms's purse, notwithstanding her comments about "her stuff," and found methamphetamine paraphernalia.

Harms filed a motion to suppress her incriminating statements and the items found during the search of the room. The District Court suppressed Harms's statements as fruits of the illegal search of Harms's purse. The District Court denied the motion as to the evidence found in the room, holding that Marasco's consent was valid against both Marasco and Harms and that Harms's refusal to consent to the search of "her stuff" did not apply to the rest of the room. Both parties appeal.

II.

Although the parties have not raised the issue, we are obligated to consider whether we have jurisdiction to hear Harms's cross-appeal challenging the District Court's denial of her motion to suppress evidence found in the motel room. <u>See</u> <u>United States v. Duke</u>, 50 F.3d 571, 574 (8th Cir.), <u>cert. denied</u>, 516 U.S. 885 (1995). Our jurisdiction over the government's appeal is based on 18 U.S.C. § 3731 (2000), which provides,

---

[2]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

-4-

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence . . . if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.[3]

While § 3731 gives the government the ability to appeal from an order granting a pretrial motion to suppress, this statute does not provide for a cross-appeal by the defendant. See United States v. Valle Cruz, 452 F.3d 698, 705 (8th Cir. 2006) ("The right of interlocutory appeal from a district court's decision on a motion to suppress is the government's alone."). Accordingly, we lack jurisdiction over Harms's cross-appeal from the portion of the District Court's order denying her motion to suppress evidence found in the motel room. We note that other circuits have reached the same conclusion regarding the effect of § 3731. See United States v. Shameizadeh, 41 F.3d 266, 267 (6th Cir. 1994) ("Although 18 U.S.C. § 3731 permits the government to take an immediate appeal from an order *granting* a pretrial motion to suppress, that statute does not provide for a cross-appeal by a defendant."); United States v. Eccles, 850 F.2d 1357, 1362 (9th Cir. 1988) ("[W]e decline to find that Congress intended to create an exception [for jurisdiction over the defendant's cross-appeal] applicable in the unusual circumstance where the district court grants in part and denies in part a defendant's motion to suppress statements."); United States v. Johnson, 690 F.2d 60, 63 (3d Cir. 1982) ("§ 3731 gives the right to appeal suppression orders to the government alone"), cert. denied, 459 U.S. 1214 (1983).[4]

---

[3]The government incorrectly asserts both in its opening brief and in its reply brief that jurisdiction in this case is based on 28 U.S.C. § 1291, which provides appellate jurisdiction over final decisions of district courts. This appeal does not involve a final decision of the District Court but rather involves an order on a pretrial suppression motion.

[4]A defendant in opposing the government's § 3731 appeal may, however, raise alternate arguments to those relied on by the district court in granting a defendant's suppression motion. See Valle Cruz, 452 F.3d at 705 ("[I]t makes sense . . . to address

III.

We now consider the government's appeal challenging the suppression of Harms's statements. The government argues that the statements were not the fruits of the illegal search (the search of Harms's purse) but rather were obtained as a result of legally obtained evidence (the items observed in plain view and the items seized from Marasco incident to his arrest) and therefore should not have been suppressed by the District Court.

On appeal from a grant of a motion to suppress, we review a district court's findings of fact for clear error and its legal conclusions de novo. United States v. Flores, 474 F.3d 1100, 1103 (8th Cir. 2007). Evidence obtained in violation of the Fourth Amendment may be subject to exclusion. See Hudson v. Michigan, 126 S. Ct. 2159, 2163–65 (2006). The exclusionary rule applies to both direct and indirect fruits of the constitutional violation, including verbal statements. Wong Sun v. United States, 371 U.S. 471, 484–85 (1963). There is no reason to exclude evidence, however, if "the police misconduct is not even a 'but-for' cause of [the] discovery" of the evidence. Hamilton v. Nix, 809 F.2d 463, 465 (8th Cir.) (en banc), cert. denied, 483 U.S. 1023 (1987). In other words, "but-for causality is only a necessary, not a sufficient, condition for suppression." Hudson, 126 S. Ct. at 2164. When the issue is whether challenged evidence is the fruit of a Fourth Amendment violation, the defendant bears the initial burden of establishing the factual nexus between the constitutional violation and the challenged evidence. See Alderman v. United States, 394 U.S. 165, 183 (1969) (citing Nardone v. United States, 308 U.S. 338, 341 (1939)); see also United States v. Kornegay, 410 F.3d 89, 93–94 (1st Cir. 2005); United States

an argument presented to the District Court and raised in an appellee's brief in a § 3731 appeal if the issue would 'provide an alternative basis for affirming the order of suppression.'" (quoting Shameizadeh, 41 F.3d at 267 (collecting cases))). Harms's arguments concerning the grant of the suppression motion are discussed in part III, infra.

v. Nava-Ramirez, 210 F.3d 1128, 1131 (10th Cir.), cert. denied, 531 U.S. 887 (2000); United States v. Kandik, 633 F.2d 1334, 1335 (9th Cir. 1980).

In this case, there is no dispute that the warrantless search of Harms's "stuff," that is, her purse, was illegal on account of Harms's express refusal to consent. What is in dispute is whether Harms's incriminating statements were the fruits of this illegal search and therefore must be suppressed.

Harms cannot satisfy her burden of establishing the causal nexus between the illegal search of her purse and her statements. At best, Harms shows that it is remotely possible that she made her statements after the search of her "stuff" began. The record indicates that Simones informed Harms that methamphetamine and items used to manufacture methamphetamine were in the motel room, and then Harms made incriminating statements. Harms argues that these referenced items were discovered during the search of her purse, but there is nothing in the record to indicate that the referenced items came from the search of Harms's "stuff." These items could have been those observed in plain view (the pipes and scale), those legally seized from Marasco incident to his arrest (the bags of methamphetamine), those discovered during the search of the room, or those found in Harms's "stuff." Harms's scenario is the least likely to have occurred because although the record is unclear on when the search of the room began, the record indicates that most of the search occurred while Simones was questioning Harms.

Because the record lacks support for Harms's contention that Simones confronted her with evidence obtained during the illegal search of her purse before she made the incriminating statements, the District Court's finding that Harms's statements were "given immediately after the search" is clearly erroneous. Mem. & Order of July 24, 2006, at 21. And since Harms cannot show that the illegal search of her "stuff" was a but-for cause of her statements, Harms's argument for exclusion fails. Thus, we reverse the suppression of Harms's statements.

## IV.

For the foregoing reasons, the District Court's suppression of Harms's statements is reversed.  Harms's cross-appeal is dismissed for lack of jurisdiction.

_____