# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3972
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Goodale

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 25, 2013
Filed: December 30, 2013

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Michael A. Goodale was convicted of five counts including aggravated sexual abuse, interstate transportation of a minor with intent to engage in criminal sexual activity, and accessing child pornography. He appeals his conviction and sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

On Saturday, September 17, 2011, thirteen-year-old M.R. showed his mother a history of gay teen pornography sites on Goodale's laptop. (Goodale was staying with M.R. and his mother.) They took the laptop to the police where two officers interviewed them. During the taped interview, M.R. opened the laptop, demonstrating that the phrase "gay teen porn" auto-populated when he typed "ga" in the search box. An officer moved the laptop and touched the keypad for about 17 seconds during this process. M.R. also described how Goodale sexually abused him and Goodale's thirteen-year-old nephew, Z.G.

Police went to M.R.'s house to locate Goodale. Consenting to questioning, he accompanied police to the station where the investigating officers interviewed him. Over his objection, they seized the laptop pending a search warrant. The officers then interviewed Z.G., who also described the sexual abuse.

Monday morning, another police officer applied for and received a state search warrant for the laptop based on information from M.R., his mother, and the two investigating officers. The application did not indicate that the officers had looked at the laptop or if they had seen anything on it.

A grand jury indicted Goodale on two counts of aggravated sexual abuse in violation of 18 U.S.C. § 2241(c) (Counts 1 and 2); two counts of interstate transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) (Counts 3 and 4); and one count of accessing child pornography with intent to view in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Count 5). Goodale moved to suppress the information found on the

laptop and his September 17 statements to police. The district court[1] denied the motion.

At the close of the government's case, Goodale moved for judgment of acquittal under Federal Rule of Criminal Procedure 29. The district court denied the motion. Goodale did not call any witnesses. The jury found him guilty on all five counts. After trial, Goodale renewed his motion for judgment of acquittal and moved for a new trial under Federal Rule of Criminal Procedure 33. The district court granted the motion for judgment of acquittal on Count 2 but denied the motions for Counts 1, 3, 4, and 5.

At sentencing, the district court calculated a total offense level of 43 (including a five-level increase for repeat and dangerous sex offenders), a criminal history category of II, and an advisory Guidelines range of life imprisonment. Goodale moved for a downward variance. The court denied the motion, sentencing him to life imprisonment, a ten-year term of supervised release, and a $400 special assessment. Goodale appeals the denial of his motion to suppress; the denial of his motions for judgment of acquittal and new trial on Counts 1, 3, and 4; and the life sentence.

II.

Reviewing a motion to suppress, this court considers factual findings for clear error and legal conclusions de novo. *United States v. Anderson*, 688 F.3d 339, 343 (8th Cir. 2012). This court "will affirm the district court's denial of a motion to suppress evidence unless it is unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, based on the entire record, it is clear a mistake was made." *United States v. Vanover*, 630 F.3d 1108, 1114 (8th Cir. 2011).

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

A.

Goodale argues that his laptop was seized and searched in violation of the Fourth Amendment. Warrantless searches "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Coolidge v. New Hampshire*, 403 U.S. 443, 481 (1971). At issue here is the private search exception. The Fourth Amendment "does not extend to private searches that are neither instigated by nor performed on behalf of a governmental entity." *United States v. Starr*, 533 F.3d 985, 994 (8th Cir. 2008). If the government views items found during a private search, the "legality of later government intrusions 'must be tested by the degree to which they exceeded the scope of the private search.'" *Id.*, *quoting United States v. Miller*, 152 F.3d 813, 815 (8th Cir. 1998).

The private search exception applies here. After discovering a history of teen pornography sites, M.R. and his mother took Goodale's laptop to the police station where M.R. showed officers the laptop's web history. This search was neither instigated by nor performed on behalf of the police. *See id.* at 994. During M.R.'s demonstration, an officer moved and touched the laptop for about 17 seconds. No evidence suggests that the officer's viewing went further than M.R.'s search. *See id.* ("When the government re-examines materials following a private search, the government may intrude on an individual's privacy expectations without violating the Fourth Amendment, provided the government intrusion goes no further than the private search.").

Goodale contends that the private search exception is inapplicable because he did not consent to M.R.'s possession or transportation of the laptop. He further believes the exception does not apply when the search and seizure results from trespass or theft by a private party. These arguments are meritless. The private search exception applies "to a search or seizure, *even an unreasonable one*, effected by a private individual not acting as an agent of the Government or with the participation

-4-

or knowledge of any governmental official." ***United States v. Jacobsen***, 466 U.S. 109, 113 (1984) (emphasis added), *citing* ***Walter v. United States***, 447 U.S. 649, 662 (1980). *See also* ***United States v. Malbrough***, 922 F.2d 458, 462-63 (8th Cir. 1990) (upholding a search by a private citizen who trespassed on another's property and viewed marijuana).

## B.

Goodale attacks the officers' continuing seizure of his laptop without a warrant. "Where law enforcement authorities have probable cause to believe that a container holds contraband or evidence of a crime, but have not secured a warrant, the Court has interpreted the [Fourth] Amendment to permit seizure of the property, pending issuance of a warrant to examine its contents, if the exigencies of the circumstances demand it or some other recognized exception to the warrant requirement is present." ***United States v. Clutter***, 674 F.3d 980, 985 (8th Cir. 2012), *quoting* ***United States v. Place***, 462 U.S. 696, 701 (1983).

The officers had probable cause to believe the laptop contained contraband based on M.R.'s and his mother's statements about its internet history, and M.R.'s and Z.G.'s allegations of sexual abuse. *See* ***id***. The exigencies of the circumstances also demanded continuing seizure; Goodale knew about the investigation and could destroy the evidence. *See* ***United States v. Beasley***, 688 F.3d 523, 529-30 (8th Cir. 2012) (upholding the warrantless seizure of a computer where, like *Clutter*, "the police had a legitimate interest in preventing destruction of the potential contraband").

## C.

Goodale requests suppression of statements made to investigating officers on September 17 as fruit of the (allegedly illegal) laptop search. "[T]he exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or

seizure, but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" ***United States v. Riesselman***, 646 F.3d 1072, 1078 (8th Cir. 2011), *quoting **Segura v. United States***, 468 U.S. 796, 804 (1984). "[T]he defendant bears the initial burden of establishing the factual nexus between the constitutional violation and the challenged evidence." ***Id.*** at 1079, *quoting **United States v. Marasco***, 487 F.3d 543, 547 (8th Cir. 2007).

In the district court, Goodale moved to suppress his September 17 statements on the basis of *Miranda* violations, not as fruit of the laptop search. Because he did not raise this argument in his pretrial motion to suppress, it is waived. *See **United States v. Green***, 691 F.3d 960, 963-64 (8th Cir. 2012) ("[T]he mere filing of a motion is not sufficient to avoid waiver of specific arguments that are advanced for the first time on appeal. The Rule 12 waiver provision applies not only to the failure to make a pretrial motion, but also to the failure to include a particular argument in the motion.") (internal quotation marks omitted). Regardless, because the laptop search did not violate Goodale's constitutional rights, his statements were not fruit of the poisonous tree.

The district court properly denied the motion to suppress.

III.

Goodale maintains M.R.'s testimony is insufficient to prove Counts 1 and 3—that Goodale transported him across state lines to engage in sexual activity before the age of 12. Goodale contends Z.G.'s testimony is insufficient to prove Count 4—that Goodale transported him in interstate commerce to engage in sexual activity before the age of 18. This court reviews the denial of a motion for judgment of acquittal de novo, "viewing the evidence in the light most favorable to the government, drawing all reasonable inferences in favor of the jury's verdict, and reversing only if no reasonable jury could have found the defendant guilty." ***United***

*States v. Gregoire*, 638 F.3d 962, 968 (8th Cir. 2011). This court "review[s] a denial of a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 for an abuse of discretion." *United States v. Maybee*, 687 F.3d 1026, 1032 (8th Cir. 2012).

Count 1 charged a violation of 18 U.S.C. § 2241(c), which prohibits crossing a state line with intent to engage in a sexual act with a person under 12 years of age. **18 U.S.C. § 2241(c).** Counts 3 and 4 charged a violation of 18 U.S.C. § 2423(a), which prohibits knowingly transporting an individual under 18 years of age in interstate or foreign commerce with the intent that the individual engage in sexual activity. **18 U.S.C. § 2423(a).**

At trial, M.R. testified that he traveled from Iowa to Minnesota with Goodale and engaged in sexual conduct in Minnesota when he was younger than 12.

> Q. About how old were you when the touching started in Minnesota?
> A. Nine or ten.
> Q. Now, in Iowa hotels, what kind of sexual touching happened between you and Michael Goodale?
> A. Handjobs, blow jobs and kissing.
> Q. In Minnesota hotels, what kind of sexual touching happened between you and Michael blow — excuse me — Michael Goodale? Strike that.
> A. Handjobs, blow jobs and kissing.
> Q. Let's be more specific. When you're referring to blow jobs — when you're referring to handjobs, would that be just one person or both ways?
> A. Both ways for handjobs and then blow jobs just me giving him a blow job.

Q. Okay. So when you were at Minnesota hotels, did you give him handjobs?

A. Yes.

Q. Did he give you handjobs?

A. Yes.

Q. Did you give him blow jobs?

A. Yes.

Q. Did he give you blow jobs?

A. No.

On cross-examination, the defense attorney questioned M.R. more specifically about his trips to Minnesota.

Q: [M.R.], if I asked you how many times do you believe you went into the state of Minnesota to a hotel or whatnot with Michael Goodale, how many times would that be?

A. I don't know. I don't know an exact number.

Q. Any idea, any estimate or —

A. No.

Q. Can you tell us, please, any dates — any firm dates that you recall when you were in Minnesota at a hotel with Michael Goodale?

A. Nope.

Q. And why is that that you don't remember any of those dates or —

A. Because it was a little while ago and I just didn't really care to remember it, so —

Similarly, Z.G. testified that he engaged in sexual acts with Goodale beginning when he was seven. He also testified that he engaged in sexual acts with Goodale in

Minnesota. Z.G. did not remember the age or date on which he began engaging in sexual acts with Goodale in Minnesota.

Reviewing the sufficiency of the evidence, "[i]t is axiomatic that [this court does] not pass upon the credibility of witnesses or the weight to be given their testimony." **United States v. Clay**, 618 F.3d 946, 950 (8th Cir. 2010). "Credibility determinations are uniquely within the province of the trier of fact, and 'are entitled to special deference.'" **Sullivan v. Minnesota**, 818 F.2d 664, 666 (8th Cir. 1987), *quoting* **United States v. Manning**, 787 F.2d 431, 435 (8th Cir. 1986). "[A] victim's testimony alone is sufficient to persuade a reasonable jury of the defendant's guilt beyond a reasonable doubt." **United States v. Gabe**, 237 F.3d 954, 961 (8th Cir. 2001) (upholding a conviction for abusive sexual contact based on the testimony of the teenage victim), *citing* **United States v. Wright**, 119 F.3d 630, 633-34 (8th Cir. 1997). *See also* **United States v. Seibel**, 712 F.3d 1229, 1237 (8th Cir. 2013) ("Even in the face of inconsistent evidence, a victim's testimony alone can be sufficient to support a guilty verdict."), *quoting* **United States v. Kenyon**, 397 F.3d 1071, 1076 (8th Cir. 2005).

Here, the jury heard lengthy, detailed testimony from M.R. and Z.G., both of whom were 13 at the time of trial. M.R. testified that Goodale began engaging in sexual conduct with him when he was eight. He further testified that he engaged in sexual acts in Minnesota when he was nine or ten. On cross-examination, M.R. stated that he remembered this age "[b]ecause when I was eight was the first time that I met Mike and a year after we started going to Minnesota and hanging out there." Z.G. similarly testified that Goodale first performed sex acts on him when he was seven. Although Z.G. did not remember when Goodale began taking him to Minnesota, he did remember that Goodale engaged in sexual activity with him in Rochester and Albert Lea. Z.G. also testified he saw sex acts between Goodale and M.R. in Minnesota. According to both boys, Goodale expected sexual touching when they traveled to hotels, and most of the time it occurred. This testimony establishes the

elements of Counts 1, 3, and 4. *See **Wright***, 119 F.3d at 634 (noting that had the child victim "been the government's sole witness against Wright, it would have been perfectly proper for the jury to credit [her] testimony and convict Wright"), *citing **United States v. Martinez***, 958 F.2d 217, 218 (8th Cir. 1992).

The jury also heard substantial evidence corroborating M.R. and Z.G. Receipts and testimony from hotel employees showed that Goodale stayed with a child at hotels in Rochester, Albert Lea, Austin, and Bloomington (four cities M.R. said he traveled to with Goodale and engaged in sexual activity). Some of these trips occurred before M.R. turned 12. Two jailhouse cooperators testified that Goodale admitted to having sex with his nephew in Minnesota hotels. Both remembered Goodale stating he had taken his nephew to the Mall of America. One cooperator also said Goodale admitted to giving boys video games in exchange for sex. Goodale's father testified that Goodale stayed at hotels in Minnesota with M.R. and Z.G., and that the boys slept in the same bed with him when they stayed the night at his house. Finally, text messages sent and received from Goodale's cell phone showed him communicating with M.R. and Z.G. about trips to Minnesota.

In sum, this evidence was sufficient to support the jury's verdicts on Counts 1, 3, and 4. The district court properly denied the motion for judgment of acquittal and the motion for a new trial.

IV.

Goodale argues that the district court miscalculated the Guidelines range and imposed an unreasonable sentence. This court "review[s] the imposition of sentences, whether inside or outside the Guidelines range, [under] a deferential abuse-of-discretion standard." ***United States v. Jones***, 612 F.3d 1040, 1044 (8th Cir. 2010), *quoting **United States v. Hayes***, 518 F.3d 989, 995 (8th Cir. 2008). This court first "ensure[s] that the district court committed no significant procedural error, such as

failing to calculate (or improperly calculating) the Guidelines range." *United States v. Stults*, 575 F.3d 834, 847 (8th Cir. 2009), *quoting United States v. Vickers*, 528 F.3d 1116, 1120 (8th Cir. 2008). For procedural errors, this court reviews "the district court's factual findings for clear error and its application of the guidelines de novo." *United States v. Barker*, 556 F.3d 682, 689 (8th Cir. 2009). In the absence of procedural error, this court reviews "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), *quoting Gall v. United States*, 552 U.S. 38, 51 (2007).

> An abuse of discretion occurs when: 1) a court fails to consider a relevant factor that should have received significant weight; 2) a court gives significant weight to an improper or irrelevant factor; or 3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment.

*United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011).

A.

Goodale contests the district court's application of a five-level enhancement under U.S.S.G. § 4B1.5(b) arguing (1) it does not logically apply to him and (2) the court erroneously applied it based on a preponderance-of-the-evidence standard. Goodale did not raise either argument in district court. This court reviews them for plain error. *United States v. Hill*, 552 F.3d 686, 690 (8th Cir. 2009) ("If a defendant fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error.").

Section 4B1.5(a) of the Guidelines requires a sentencing enhancement when the defendant commits the instant offense after "at least one sex offense conviction."

**U.S.S.G. § 4B1.5(a)**. Section 4B1.5(b) requires an enhancement when the defendant engages "in a pattern of activity involving prohibited sexual conduct." *Id.* **§ 4B1.5(b)**. Application note 4(B)(ii) indicates that an occasion of prohibited sexual conduct may be considered for purposes of § 4B1.5(b) "without regard to whether the occasion . . . occurred during the course of the instant offense." *Id.* **§ 4B1.5 cmt. n.4(B)(ii)**.

Goodale does not dispute that the facts of his case support the enhancement. Rather, he asserts "an implicit cap for the offense level when USSG §4B1.5(b) is applied." This cap allegedly ensures that a defendant who receives a five-level enhancement under § 4B1.5(b) (for a pattern of prohibited sexual conduct occurring during the instant offense) does not receive a higher total offense level than a defendant who receives a five-level enhancement under §4B1.5(a) (for a prior, separate sex offense conviction). Goodale provides no authority for this argument, which contradicts the language of the Guidelines.

Goodale also maintains that the district court misapplied the preponderance-of-the-evidence standard to the § 4B1.5(b) enhancement. This court has repeatedly rejected Goodale's argument:

> In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court rendered the Guidelines advisory. Since that time, we have repeatedly held that "due process never requires applying more than a preponderance-of-the-evidence standard for finding sentencing facts, even where the fact-finding has 'an extremely disproportionate impact on the defendant's advisory guidelines [sentencing] range.'"

*United States v. Mustafa*, 695 F.3d 860, 862 (8th Cir. 2012), *quoting **United States v. Lee***, 625 F.3d 1030, 1034-35 (8th Cir. 2010). *See also **United States v. Villareal-Amarillas***, 562 F.3d 892, 898 (8th Cir. 2009).

The district court did not err, much less plainly err, in applying the § 4B1.5(b) enhancement.

## B.

Goodale claims the sentence is substantively unreasonable. "Where, as here, the sentence imposed is within the advisory guideline range, [this court] accord[s] it a presumption of reasonableness." *United States v. Bauer*, 626 F.3d 1004, 1010 (8th Cir. 2010), *citing* *Rita v. United States*, 551 U.S. 338, 347 (2007). It is the defendant's burden to rebut the presumption and to show that the sentence should have been lower. *United States v. Peck*, 496 F.3d 885, 891 (8th Cir. 2007) ("[T]his presumption may be rebutted by reference to the factors listed in 18 U.S.C. § 3553(a).").

Goodale has not rebutted the presumption here. During sentencing, the district court began by stating that it had "carefully considered all the statutory factors that apply under 18 United States Code Section 3553(a)." It then discussed Goodale's arguments for a downward variance and rejected them. Specifically, the court disagreed with Goodale's contention that his behavior was not "expansive in time and deed," noting that the trial evidence established that the "sexual activity with children occurred with two different victims over a substantial number of years." The court also considered Goodale's history of "extreme self-centered behavior and unbelievably poor judgment," notably, a 2008 felony conviction for neglect and endangering the lives of three dependent adults. The court concluded by finding that "a life sentence is appropriate and fully supported by the evidence" and "is sufficient but not greater than necessary to achieve the goals of sentencing."

The district court did not abuse its discretion in imposing a within-guidelines-range sentence based on an individualized inquiry of the § 3553(a) factors. *See* *Stults*, 575 F.3d at 849 ("Where the district court in imposing a sentence makes 'an

-13-

individualized assessment based on the facts presented,' addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable."), *quoting* **Gall**, 552 U.S. at 50.

*******

The judgment is affirmed.

_____