2015 S.D. 6

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Juan ROSALES, Defendant and Appellant.**

No. 26871.

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 2015.

Decided Feb. 4, 2015.

Marty J. Jackley, Attorney General, Paul S. Swedlund, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Paula Pederson, Rapid City, South Dakota, Attorney for defendant and appellant.

ZINTER, Justice.

[¶ 1.] Juan Rosales appeals his convictions on one count of reckless burning, two counts of intentional damage to property, one count of possession of a controlled substance, and one count of possession of marijuana. Rosales contends that the circuit court erred in failing to dismiss the intentional damage charges and in failing to find a search invalid. We reverse and remand for a new trial on the intentional damage charges. We affirm on the illegal search issue.

*Facts and Procedural History*

[¶ 2.] In the early morning hours of November 21, 2012, Juan Rosales set fire to two vehicles owned by Amy Faehnrich and Toby Rolfe. The fire spread to their garage, which was located approximately four feet from the vehicles. The fire marshal's investigation indicated that the vehicle fires were started by the ignition of a flammable liquid on their hoods and windshields. The garage fire started because of its close proximity to the vehicles. Law enforcement officers were summoned. They interviewed several witnesses and, based on their investigation, began searching for Rosales.

[¶ 3.] Officers apprehended Rosales and his wife, Jennifer Reed, later in the morning. The officers impounded the couple's vehicle and seized two cell phones. Neither Rosales nor the State has indicated whether the phones were taken directly from Rosales and Reed at the time of their arrest or from the van before it was towed. But an investigator with the Pennington County Sheriff's Office removed the batteries from the phones to record the phones' serial numbers. The investigator used the serial numbers to describe the phones in an affidavit for a warrant to search the contents of the phones, the van, and Rosales's person. A subsequent search of the van yielded four lighters, a book of matches, a gas can, marijuana, and trifluoromethylphenylpiperazine (TFMPP)—a form of "ecstasy"—a Schedule I controlled substance in South Dakota.

[¶ 4.] Rosales was indicted on five counts: (1) reckless burning in violation of SDCL 22–33–9.3 (the garage), (2) intentional damage to property in the first degree in violation of SDCL 22–34–1(2) (2006) (amended 2014) (one vehicle),[1] (3)

---

1. The 2014 amendments are not relevant in this case because they relate only to sentencing.

intentional damage to property in the first degree in violation of SDCL 22–34–1(2) (the second vehicle), (4) possession of a controlled substance in violation of SDCL 22–42–5 (2006) (amended 2013) (TFMPP), and (5) possession of marijuana in violation of SDCL 22–42–6. A jury found Rosales guilty on all five counts. Rosales admitted the allegation of a habitual criminal information[2] and was sentenced to 30 years in prison.

[¶ 5.] Rosales raises two issues on appeal. He argues that, under the language of the intentional damage to property statute (SDCL 22–34–1), the crime does not occur if an unoccupied motor vehicle is damaged or destroyed by fire. Because Faehnrich's and Rolfe's vehicles were unoccupied, he contends that the circuit court erred in denying his motion to dismiss, motion for partial judgment of acquittal, and request for jury instructions on the two counts involving intentional damage to. the vehicles. He also argues that recording the phones' serial numbers constituted an illegal search that tainted

the search warrant and subsequent search of his vehicle. Therefore, he contends that the circuit court erred in failing to suppress the evidence seized in the search of his van.

### Decision

#### Intentional Damage to Property

[¶ 6.] Rosales argues that "it is a legal impossibility . . . to intentionally damage a vehicle by fire[.]" A person is guilty of intentional damage to property if he or she, "with specific intent to do so, injures, damages, or destroys . . . [p]rivate property in which any other person has an interest, without the consent of the other person[.]" SDCL 22–34–1. However, that statute also provides that its provisions "*do not apply* if the intentional damage to property was accomplished by arson or reckless burning . . . pursuant to chapter 22–33." *Id.* (emphasis added). Therefore, Rosales argues that the intentional damage to property statute and the arson statutes are mutually exclusive.[3] And because

---

2. Rosales was convicted of attempted murder in Colorado in 1999.

3. The State contends that Rosales did not preserve this argument because he did not present it to the circuit court. According to the State, Rosales's argument below was that, "since the vehicle fires were used to satisfy the element of starting a fire under SDCL 22–33–9.3 [the reckless burning of the garage], Rosales could not also be charged with intentionally damaging the vehicles under SDCL 22–34–1." To some extent, Rosales's appellate counsel agrees with the State's characterization of Rosales's trial argument. The record, however, reflects that Rosales's trial counsel also presented the mutual exclusivity argument that Rosales presents on appeal. After the State concluded its case-in-chief, Rosales submitted a motion to the circuit court that read, in part:

4. The statute pertaining to Intentional Damage to Private Property, SDCL 22–34–1, states in its last paragraph: *The provisions of this section do not apply if the*

*intentional damage to property was accomplished by Arson or Reckless Burning or Exploding pursuant to chapter 22–33.*
5. The language of the statute is completely unambiguous as to this point; further, it does not matter whether Reckless Burning or Arson are even charged in the Indictment.
6. Mr. Rosales contends based upon the very clear and unambiguous language of the statute that even should the State offer to dismiss Count 1, the Reckless Burning charge, that does not alleviate the problem; the problem concerns the manner in which the damage was accomplished, without any regard to how the State chooses to charge the offense.
7. Clearly if this damage was sustained by fire through an act of Arson or Reckless Burning, SDCL 22–34–1 is entirely inappropriate and unlawful to both charge[s] and certainly to put before a jury.

Rosales renewed this motion after the conclusion of his defense and requested a jury instruction explaining the mutual exclusivity of

Rosales also argues that setting the two cars on fire was arson or reckless burning, he contends that the circuit court erred in failing to grant his motions to dismiss and request for a jury instruction on the two intentional-damage-to-property counts.

[¶ 7.] The State argues that the "accomplished by arson or reckless burning" language in the intentional damage statute "is simply a provision requiring prosecutors to elect between arson or intentional damage to property." We disagree. There is no ambiguity in the statute. The text plainly provides that SDCL 22-34-1 does not apply if the predicate acts meet the statutory elements of arson or reckless burning under SDCL chapter 22-33. Therefore, we must determine if Rosales's acts satisfied the elements of arson or reckless burning under chapter 22-33 to decide whether the offense of intentional damage to property occurred.

[¶ 8.] Rosales's acts did not satisfy the elements of first-degree arson or reckless burning. First-degree arson occurs when "[a]ny person ... starts a fire ... with the intent to destroy any occupied structure of another[.]" SDCL 22-33-9.1. Reckless burning occurs when "[a]ny person ... intentionally starts a fire ..., whether on his or her own property or another's, and thereby recklessly: (1) Places another person in danger of death or serious bodily injury; or (2) Places a building or occupied structure of another in danger of damage or destruction[.]" SDCL 22-33-9.3. Under the criminal code, a motor vehicle is both "property," SDCL 22-1-2(35), and a "structure," SDCL 22-1-2(49). However, "[f]or the purposes of chapter 22-33, the term, occupied structure, means any structure, vehicle, or place adapted for overnight accommodation of persons, ... whether or not a person is actually present." SDCL 22-33-9.5. Because the State does not argue that the motor vehicles were adapted for the overnight accommodation of persons, the "occupied structure" elements of SDCL 22-33-9.1 and SDCL 22-33-9.3(2) were not satisfied. And because the State does not argue that Rosales placed any person in danger of death or serious bodily injury, that element of SDCL 22-33-9.3(1) was not satisfied. Therefore, the damage to the vehicles was not accomplished by first-degree arson or reckless burning.

[¶ 9.] Rosales's acts, however, may have satisfied the elements of second-degree arson. SDCL 22-33-9.2 provides in relevant part: "Any person who starts a fire or causes an explosion with the intent to: (1) Destroy any unoccupied structure of another; or (2) Destroy or damage any property, whether his or her own or another's, to collect insurance for such loss; is guilty of second degree arson." The State does not argue that Rosales set fire to the vehicles in order to collect insurance, so that element of SDCL 22-33-9.2(2) was not satisfied. But the vehicles were "unoccupied structures," and Rosales may have intended to "destroy" them, which would satisfy the elements of SDCL 22-33-9.2(1). Therefore, if Rosales did intend to destroy the vehicles, the damage was accomplished by second-degree arson and he could not have been convicted of intentional damage to property.

[¶ 10.] We cannot, however, determine on this record whether Rosales acted with intent to destroy the vehicles. The jury's verdict on the intentional damage to property counts was premised on the circuit court's jury instruction, which required a finding that Rosales intended "to

the arson and intentional damage to property statutes. Because Rosales raised the mutual exclusivity argument below, the argument was not waived.

injure, damage, *or* destroy" the vehicles. (Emphasis added.) This instruction follows the language of the intentional damage to property statute. *See* SDCL 22–34–1 ("Any person who, with specific intent to do so, injures, damages, or destroys [private property of another] is guilty of intentional damage to property."). But second-degree arson does not occur if the actor starts a fire with the intent only to damage or injure an unoccupied structure; instead, second-degree arson requires proof of intent to destroy an unoccupied structure.

[¶ 11.] Because the jury did not determine this issue of fact, we are unable to determine whether Rosales's acts constituted second-degree arson under SDCL chapter 22–33. We reverse and remand for a new trial on the intentional damage charges so a jury may determine Rosales's intent. The jury should be instructed to determine whether Rosales intended to destroy the vehicles or whether he merely intended to injure or damage the vehicles. If the jury finds that he intended to destroy the vehicles and the damage was accomplished under circumstances constituting second-degree arson, he may not be convicted of intentional damage to property. If the jury finds that he intended only to injure or damage the vehicles, then the damage was not accomplished by second-degree arson, and he may be convicted of intentional damage to property.

*Motion to Suppress*

[■] [¶ 12.] Rosales argues that law enforcement officers illegally searched the cell phones when the sheriff's investigator removed the batteries and recorded the serial numbers. Those serial numbers were later used to describe the phones in an affidavit for a warrant to search the phones, the van, and Rosales. However, Rosales did not move to suppress evidence gathered from the phones; indeed, no such evidence was introduced at trial. Instead, citing *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), Rosales argues that, "[b]ecause the illegal search of the phones preceded the granting of the warrant, any 'fruits of the poisonous tree' should be suppressed." Thus, it appears that Rosales is asking for suppression of the gas can, lighters, matches, marijuana, and TFMPP—all seized from the van after the issuance of a warrant— because, according to Rosales, the sheriff's investigator "used the [serial numbers] he obtained illegally ... to obtain a search warrant[.]"

[■] [¶ 13.] Suppression of the objected-to evidence is not appropriate in this case even if we assume that the recording of the phone serial numbers was an illegal search.[4] "When the issue is whether challenged evidence is the fruit of a Fourth Amendment violation, the defendant bears the initial burden of establishing [a] factual nexus between the constitutional violation and the challenged evidence." *State v. Heney,* 2013 S.D. 77, ¶ 11, 839 N.W.2d 558, 562 (quoting *United States v. Marasco,* 487 F.3d 543, 547 (8th Cir.2007)) (internal quotation marks omitted). "Suppression is not justified unless the challenged evidence is in some sense the product of illegal governmental activity." *Id.* (quoting *Segura v. United States,* 468 U.S. 796, 815, 104 S.Ct. 3380, 3391, 82 L.Ed.2d 599 (1984)) (internal quotation marks omitted). Here, Rosales has not met his obligation of identifying "specific evidence demonstrating taint." *See Alderman v. United States,* 394 U.S.

4. Because of the limited nature of Rosales's argument, we do not address whether recording the serial numbers was an illegal search.

165, 183, 89 S.Ct. 961, 972, 22 L.Ed.2d 176 (1969). Rosales only identifies facts showing that an alleged illegal search of his phone occurred and that law enforcement obtained physical evidence from a search of Rosales's van after a warrant was issued. These two occurrences do not necessarily establish a factual nexus between the alleged illegal search of the phones and the evidence seized in the search of the van. Furthermore, even if Rosales established a factual nexus between the alleged illegality and the challenged evidence, "[t]he challenged evidence should not be excluded as fruit of the poisonous tree unless the illegality is at least the 'but for' cause of the discovery of the evidence." *Heney*, 2013 S.D. 77, ¶ 12, 839 N.W.2d at 562 (quoting *Segura*, 468 U.S. at 815, 104 S.Ct. at 3391) (internal quotation marks omitted). In this case, Rosales does not claim that the evidence would not have been discovered but for the search of the phones.

[¶ 14.] Moreover, even if Rosales had established a factual nexus and but-for causality, "evidence is [not] 'fruit of the poisonous tree' simply because 'it would not have come to light but for the illegal actions of the police.'" *Segura*, 468 U.S. at 815, 104 S.Ct. at 3391 (quoting *Wong Sun*, 371 U.S. at 487–88, 83 S.Ct. at 417–18). Even a "but-for cause . . . can be too attenuated to justify exclusion[.]" *Hudson v. Michigan*, 547 U.S. 586, 592, 126 S.Ct. 2159, 2164, 165 L.Ed.2d 56 (2006). The primary focus of our analysis is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *State v. Boll*, 2002 S.D. 114, ¶ 32, 651 N.W.2d 710, 719 (quoting *Wong Sun*, 371 U.S. at 488, 83 S.Ct. at 417) (internal quotation marks omitted).

In other words, "but-for causality is only a necessary, not a sufficient, condition for suppression[.]" *Heney*, 2013 S.D. 77, ¶ 12, 839 N.W.2d at 562 (quoting *Hudson*, 547 U.S. at 592, 126 S.Ct. at 2164) (internal quotation marks omitted). Simply put, even if we concluded that an illegal search occurred, Rosales's bare assertions—that an illegal search of his phone occurred and that physical evidence was later retrieved from his van pursuant to a search warrant—fall short of establishing that the evidence recovered from the van was obtained by exploitation of the search of phone. Because Rosales failed to make that initial showing, the circuit court did not err in denying his motion to quash the search warrant and suppress the evidence.

[¶ 15.] Affirmed in part, reversed in part, and remanded for a new trial on the intentional damage charges.

[¶ 16.] GILBERTSON, Chief Justice, and SEVERSON and WILBUR, Justices, and KONENKAMP, Retired Justice, concur.

[¶ 17.] KERN, Justice, not having been a member of the Court at the time this action was assigned to the Court, and being the trial judge in this case, did not participate.