# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2852

_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Lee Hunt

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: March 9, 2015
Filed: April 9, 2015
[Unpublished]

_____

Before WOLLMAN, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Joshua Hunt appeals the reasonableness of the 270-month prison sentence imposed by the district court[1] upon his guilty plea to one count of conspiracy to

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, or 50 grams or more of actual (pure) methamphetamine, after having been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 851. Hunt concedes that his sentence is within the applicable advisory Guidelines range of 270 months to life.[2] He argues, however, that the district court erred by denying his motion for a variance below the Guidelines range based on his father's role in introducing Hunt to both the use and sale of methamphetamine beginning when Hunt was fifteen years old.

Where, as here, the applicable advisory Guidelines range is undisputed, we consider whether the sentence is unreasonable in light of the 18 U.S.C. § 3553(a) factors. See United States v. Booker, 543 U.S. 220, 261 (2005). "We review the imposition of sentences, whether inside or outside the Guidelines range, under a deferential abuse-of-discretion standard." United States v. Jones, 612 F.3d 1040, 1044 (8th Cir. 2010) (quotation and alterations omitted). Typically we accord a "presumption of reasonableness" to sentences that are within the advisory Guidelines range. United States v. Scales, 735 F.3d 1048, 1052 (8th Cir. 2013). However, in imposing a sentence, a court may abuse its discretion by (1) failing to consider a relevant factor that should receive significant weight; (2) giving significant weight to an improper or irrelevant factor; or (3) considering only the appropriate factors but committing a clear error of judgment in weighing those factors. United States v. Garcia, 512 F.3d 1004, 1006 (8th Cir. 2008). "It is the defendant's burden to rebut

---

[2]The district court concluded, without objection, that Hunt's total offense level was 37 and that his criminal history category was VI due to his status as a career offender. United States Sentencing Guidelines Manual (U.S.S.G.) § 4B1.1(b). This rendered an advisory Guidelines range of 360-months' imprisonment to life. U.S.S.G. Ch. 5, Pt. A. The district court, however, granted the government's substantial assistance motion for a 25% reduction in Hunt's sentence, thereby reducing Hunt's advisory Guidelines range to 270 months to life. U.S.S.G. § 5K1.1.

the presumption [of reasonableness] and to show that the sentence should have been lower." United States v. Goodale, 738 F.3d 917, 926 (8th Cir. 2013).

Hunt has failed to meet this burden. The sentencing record indicates the district court permitted Hunt to explain the circumstances under which his father introduced him to the use and sale of methamphetamine, and the court accepted as true Hunt's account of these events. The district court also acknowledged that the actions of Hunt's father likely influenced Hunt's decision to commit the present offense of conviction. However, the district court also noted that Hunt had been subjected to several intervening arrests and had participated in drug treatment programs on at least four occasions. After weighing these factors, the court determined that Hunt had been given ample opportunities to turn things around and therefore was not entitled to a downward variance based upon his father's reprehensible actions. Furthermore, in determining Hunt's sentence, the district court also considered the nature and circumstances of Hunt's offense, his large customer base, his extensive and serious criminal record, the high purity of the methamphetamine, and his history of non-compliance while on correctional supervision. The record thus indicates the district court considered the appropriate sentencing factors and committed no clear error in judgment in weighing these factors. United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009). Accordingly, Hunt's within-Guidelines range sentence is affirmed.

_____