# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 17-1318

———————————————

United States of America

*Plaintiff - Appellee*

v.

Justin Troendle

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

———————

Submitted: January 8, 2018
Filed: February 2, 2018
[Unpublished]

———————

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

———————

PER CURIAM.

Justin P. Troendle pled guilty to failing to register as a sex offender in violation of 18 U.S.C. § 2250(a).  The district court[1] sentenced him to 24 months' imprisonment

———————————————

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

and five years' supervised release. After prison, he violated the conditions of release. The court revoked the release, sentencing him to another 24 months' imprisonment and five years' supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court reviews "a district court's decision to revoke a defendant's supervised release for an abuse of discretion." *United States v. Melton*, 666 F.3d 513, 516 (8th Cir. 2012). "Where, as here, a sentence imposed is within the advisory guideline range," this court "typically accord[s] it a presumption of reasonableness." *United States v. Scales*, 735 F.3d 1048, 1052 (8th Cir. 2013). "It is the defendant's burden to rebut the presumption and to show that the sentence should have been lower." *United States v. Goodale*, 738 F.3d 917, 926 (8th Cir. 2013). "[I]t will be the unusual case when [this court] reverse[s] a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Troendle believes his sentence is substantively unreasonable because "the district court improperly gave significant weight to irrelevant factors, failed to consider relevant factors, and committed clear error in weighing the factors." Imposing a within-guidelines sentence, the court properly considered his criminal history; past failures to comply with terms of supervision; and numerous current violations of supervised release, including assault:

> In arriving at a disposition, the Court is required to and the Court has in this case carefully considered all of the factors at 18 United States Code Section 3553(a) that apply in a revocation proceeding. Mr. Troendle is here because of an offense that occurred when he was 15 years old, in which he sexually abused two children, a 7-year-old and I think an older sibling of that first victim. Paragraph 21 of the presentence investigation reports, and this was not objected to at the time of sentencing, that defendant threatened to physically harm the child victim if the victim reported the abuse.

-2-

After his conviction for that offense, actually, he—this was a juvenile adjudication, and he went to foster care for adolescent sex offenders and received probation, was discharged from probation, and then in the years that followed, he was noncompliant with registration requirements for sex offenders and was noncompliant while on court supervision and received revocations of probation for a variety of violations that are detailed in Paragraphs 22 and 23 of the presentence investigation report.

While under supervision in this Court, he's been noncompliant. The Court and, most importantly, Probation has tried to work with him in the community. And the violations, all of the violations, show a pattern of just not doing what he is supposed to do. And if that weren't enough, then the assault on Samantha Hastings that the Court heard about here. The Court does believe Samantha Hastings. And Mr. Troendle, maybe he doesn't remember what he did, but I do believe Samantha Hastings's statements in court under oath today.

Troendle argues "the district court erred in his revocation sentence by seeking to punish him for the new [assault] violation he incurred in state court." This argument is without merit. While on supervised release, Troendle was charged with domestic abuse assault, an Iowa class D felony. The charge later was amended to a serious misdemeanor. Troendle contested whether his state court "serious misdemeanor" conviction for assault was a Grade A violation on federal supervised release. In response, the government called the victim to testify. Based on testimony that Troendle twice choked her and impeded her breathing, the court found Troendle's conviction was an Iowa class D felony (and, therefore, a Grade A violation). The court thus addressed the assault conviction because Troendle contested the issue. It said nothing about needing to punish him for his behavior. In fact, it made clear the sentence did not depend on whether he committed a misdemeanor or a felony:

I would be imposing the same disposition whether or not Mr. Troendle is only guilty of the assault that he pled to in state court, but I reaffirm that, in my opinion, he has committed the more serious offense. But regardless, my—the outcome would be the same.

The sentence was not substantively unreasonable.

* * * * * * * *

The judgment is affirmed.

_____