# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-2574
_____

United States of America

*Plaintiff - Appellee*

v.

Jennifer Lynn Haxton

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Central
_____

Submitted: February 14, 2025
Filed: March 13, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, ERICKSON and GRASZ, Circuit Judges.
_____

PER CURIAM.

In October 2019, Jennifer Lynn Haxton was released to supervision after completing a term of imprisonment for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Her initial term of supervised release was revoked in September 2023, and she was sentenced to an additional term of imprisonment and supervised release. After she violated the conditions of her

second term of supervised release, the district court[1] revoked supervision and imposed an 8-month imprisonment term with no additional supervision. Haxton appeals contending her sentence is substantively unreasonable. We affirm.

While on supervision, Haxton struggled to maintain sobriety and comply with drug testing requirements. After admitting at her most recent revocation hearing that she continued to use drugs while on supervision, that she failed to comply with drug testing, and that she had associated with felons, Haxton asked the court to place her back on supervision with stricter conditions, including home detention. Haxton explained that she had an infant son, and a custodial sentence could affect her parental rights. She noted her struggles with addiction and postpartum depression and had found treatment providers that would allow her to reside with her child.

The district court acknowledged the mitigating factors but concluded revocation was mandatory under 18 U.S.C. § 3583(g)(4) because Haxton had repeatedly tested positive for illegal controlled substances. The court explained that Huxton did not qualify for an exception to the revocation requirement due to her history of repeated failure to comply with drug testing and treatment. See 18 U.S.C. § 3583(d) (requiring courts to consider "whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception" from the mandatory revocation and imprisonment under § 3583(g)). The court calculated an advisory Sentencing Guidelines range of 6 to 12 months' imprisonment and decided to impose a sentence of 8 months with no supervision to follow.

We review revocation sentences for abuse of discretion. United States v. Scherer, 114 F.4th 987, 990 (8th Cir. 2024). A district court abuses its discretion if it (1) fails to consider a relevant sentencing factor; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in weighing

---

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

the appropriate factors.  <u>United States v. Ali</u>, 799 F.3d 1008, 1033 (8th Cir. 2015). When imposing a revocation sentence, the district court must consider the factors set forth in 18 U.S.C. § 3553(a), as identified in § 3583(e).  <u>United States v. Clark</u>, 998 F.3d 363, 368 (8th Cir. 2021).  We presume a within-Guidelines sentence is reasonable.  <u>United States v. Goodale</u>, 738 F.3d 917, 926 (8th Cir. 2013).  The defendant bears the burden of rebutting that presumption.  <u>Id.</u>

The record reflects the district court did consider Haxton's arguments regarding supervised release with stricter conditions, parental responsibilities, and treatment options.  <u>See</u> <u>United States v. Keating</u>, 579 F.3d 891, 893 (8th Cir. 2009) (explaining we may presume the district court considered arguments raised before it when it imposed a sentence).  After weighing the applicable factors, the district court found that Haxton's history and characteristics—particularly her repeated failures to complete drug treatment and association with felons—warranted greater weight.  A district court's decision to emphasize certain factors supporting a sentence, rather than those that might have justified a more lenient sentence, is within its broad discretion.  <u>See</u> <u>United States v. Wilkins</u>, 909 F.3d 915 (8th Cir. 2018).  To establish substantive unreasonableness, Haxton "must show more than the fact that the district court disagreed with [her] view of what weight ought to be accorded certain sentencing factors."  <u>United States v. Townsend</u>, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam).  Haxton's mere disagreement with the sentence imposed does not merit reversal.  <u>See</u> <u>United States v. Isler</u>, 983 F.3d 335, 344 (8th Cir. 2020).

The district court's judgment is affirmed.

_____